■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY M. CODY, Appellant. [689 NYS2d 245] —Mikoll, J. Appeal from a judgment of the County Court of Warren County (Moynihan, Jr., J.), rendered June 18, 1997, upon a verdict convicting defendant of the crime of murder in the second degree.

On October 19, 1996, defendant's girlfriend, Barbara Truesdale, was shot four times in the back of the head while she lay

---

on a sofa in the house she shared with defendant. Testimony established that the two quarreled earlier in the day and Truesdale left the residence. Shortly before the killing, defendant telephoned a friend and said that he was "locked and loaded" and that he was "going to kill [Truesdale] and anybody that she was with". At approximately 10:19 P.M., defendant called 911 and stated, "I think I killed my girlfriend". Responding police and emergency personnel found defendant in an agitated state, bleeding from a self-inflicted gunshot wound to the mouth. Hospital records revealed that defendant's blood alcohol content was 0.16% and that he appeared to be intoxicated. Defendant made incriminating oral and written statements to police officers which were admitted at trial. Defendant testified that he had no memory of the events which occurred in his home or his statements to police officers; his recollection ended with drinking beer at a friends's house earlier in the evening. Convicted after a jury trial on the charge of murder in the second degree, defendant appeals.

At defendant's request, County Court instructed the jury on the intoxication defense insofar as it bore upon defendant's ability to form the specific intent to commit murder, but refused his request to charge the lesser-included offense of manslaughter in the second degree. Defendant maintains that reversal is warranted on this basis, claiming that the evidence, when viewed in a light most favorable to him, supported a finding that he committed the lesser but not the greater offense. We disagree. A trial court's decision to give an intoxication instruction does not per se compel submission of any lesser-included offenses (*see, People v Butler*, 84 NY2d 627, 630). Rather, the trial court must carefully analyze the evidence to determine whether any reasonable view thereof justifies submission of the lesser-included offenses. We fully concur with County Court's assessment of the evidence before it as supporting only two possible conclusions: that defendant intentionally killed Truesdale or, by reason of intoxication, was unable to form the specific intent to do so. Accordingly, County Court properly declined to submit the lesser-included offense of manslaughter in the second degree.

Defendant next argues that his statements to police officers at the scene and at the hospital were improperly received into evidence because he either was not given his *Miranda* warnings or did not effectively waive his rights. We are not persuaded. Defendant was advised of his *Miranda* warnings at the hospital at 4:39 A.M. and indicated that he understood his rights. When asked whether he wished to speak with the police

without an attorney present, defendant responded, "It depends what questions you are going to ask". This response, evincing defendant's understanding of his rights, does not constitute an unequivocal invocation of his right to counsel such as would preclude further questioning (*see, People v Tune*, 103 AD2d 990, 991; *People v Walker*, 87 AD2d 725, 726). A written statement was taken some six hours later. As defendant remained in continuous police custody, it was not necessary for the police to repeat his rights at the subsequent questioning (*see, People v Johnson*, 219 AD2d 776, 777; *People v Glinsman*, 107 AD2d 710, *lv denied* 64 NY2d 889, *cert denied* 472 US 1021). Moreover, although the police did not readvise defendant of his *Miranda* rights, the warnings were contained on the printed form on which defendant's confession was typed. Defendant was asked to, and did, read the warnings and the statement aloud. He initialed the *Miranda* warnings portion of the statement in two places, made two corrections in the statement and initialed them, and signed the confession twice. Our review of the *Huntley* hearing record fully supports County Court's conclusion that defendant was alert and oriented when advised of his rights, and that he knowingly and voluntarily waived them in giving the written statement.

Defendant's challenge to testimony concerning his oral statements is unpreserved for our review. The first officer on the scene questioned defendant as to what had occurred, and defendant offered varying responses whose common thread was that he had been out drinking and did not know what had happened to Truesdale. He also explained his own injury by claiming that he had been punched in the face. Defendant neither sought a pretrial ruling upon the admissibility of this testimony nor objected to it at trial; indeed, he appeared to rely upon it in support of his intoxication defense and argument for the submission of a lesser-included offense.

Defendant next seeks reversal claiming that he was not present at a combined *Sandoval/Ventimiglia* hearing held in chambers immediately prior to commencement of jury selection. Defendant has proffered nothing to support this claim, which the People dispute, except the fact that the cover sheet of the stenographic transcript and notes of the court clerk fail to reflect his personal presence. In the context of the entire record, however, this is an inadequate showing as defendant's presence is also not noted elsewhere on the cover sheets of the trial transcript and that portion of the *Huntley* hearing recorded by the same stenographer. In the absence of an objection by counsel or other evidence to support his naked assertion,

defendant's claim is insufficient to rebut the presumption of regularity that attaches to official court proceedings (*see, People v Pena*, 243 AD2d 337; *People v McGee*, 220 AD2d 799; *People v Robinson*, 191 AD2d 523, *lv denied* 81 NY2d 1018).

Defendant's claim that he was wrongly excluded from the in camera questioning of a sworn juror is likewise without merit. Contrary to defendant's assertion that the juror was questioned about his potential knowledge of the victim's family, the record discloses a very brief in camera session, prompted by a report that a sworn juror had been seen saying hello to a person who might have been a member of the victim's family. The juror denied any knowledge of this event, adding that he "say[s] hello to everyone". County Court thereupon instructed the juror to confine his greetings to fellow jurors and the proceeding terminated. When the prosecutor and the court raised the question whether defendant should have been present for this discussion with the juror, and suggested that it be repeated in defendant's presence, defense counsel indicated that it was unnecessary. Defendant's exclusion from this proceeding was not error as the matter discussed was unrelated to any substantive legal or factual issues and did not impact upon defendant's ability to defend against the charges (*see, People v Hammed*, 88 NY2d 232, *cert denied* 519 US 1065; *People v Harris*, 76 NY2d 810).

Defendant next claims that County Court erred by permitting hearsay testimony from three witnesses as to statements by Truesdale to the effect that she intended to leave defendant. The prosecution offered this evidence to show defendant's motive and intent, and the court permitted the testimony on that basis. As a threshold matter, we are not persuaded that defendant adequately preserved this claim for our review since he did not object to the testimony of two of these witnesses and registered only a generalized objection to the third. Were we to entertain the claim on its merits, we would agree with defendant that in the absence of any evidence that he heard the statements or knew that they were made, the testimony constituted impermissible hearsay and should not have been received. Any error, however, is harmless in view of the overwhelming evidence of defendant's guilt (*see, People v Crimmins*, 36 NY2d 230; *People v Ryan*, 229 AD2d 623, 624, *affd* 90 NY2d 822).

We are similarly unpersuaded by defendant's claim that he was denied a fair trial as a result of prosecutorial misconduct in the cross-examination of defendant and in summation. Insofar as the challenged questions and remarks are preserved

for our review, they are, in the main, legitimate attacks on the credibility of defendant's trial testimony. To the extent that any individual question or remark may have been improper, we are satisfied that when the record is viewed in its entirety, defendant was not denied a fair trial where, as here, the evidence presents "a picture of guilt so overwhelming that it left no reasonable possibility that the [error] contributed to the conviction" (*People v Hopkins*, 58 NY2d 1079, 1083; *see, People v Walker*, 127 AD2d 868, 869, *lv denied* 70 NY2d 718).

Cardona, P. J., Crew III, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed.