(July 3, 2002)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID W. STEWART, Appellant. [744 NYS2d 569] —Lahtinen, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered October 17, 1997, upon a verdict convicting defendant of the crime of attempted robbery in the second degree.

At approximately 1:00 A.M. on February 12, 1997, Robert Smallcomb, an off-duty police officer for the City of Elmira, Chemung County, was pulling away from his parking space on the street near a bar where he had attended a party, when he heard something slam against his front passenger side window. Smallcomb turned towards the window, saw what appeared to be a .45 caliber semiautomatic pistol being slammed into the window and heard a voice saying "get out, hey you, get out." He quickly backed his car up, got out his badge and gun, exited his car, and confronted defendant, identifying himself as a police officer and ordering defendant to drop the gun. Defendant kept his gun pointed at Smallcomb and backed away, disappearing down an alley. Smallcomb called for assistance and defendant was found, a short time later, face down with blood on his face in the yard of a nearby residence by other Elmira police officers and immediately handcuffed. Defendant was arrested and, during a subsequent pat frisk, the police officers recovered a silver BB pistol from under defendant's left pant leg.

Defendant was thereafter indicted for two counts of attempted robbery in the second degree. After pretrial proceedings, including a partially successful *Wade-Huntley* hearing during which County Court suppressed defendant's statements made to the police officers while in their custody, defendant proceeded to trial and was convicted of the first count of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [2] [b]). Defendant was thereafter sentenced as a second felony offender to a determinate prison sentence of six years and he now appeals.

Defendant first contends that the People's evidence was legally insufficient to establish all the elements of attempted robbery in the second degree, arguing that his intoxication at the time of the attempted robbery precluded him from forming the requisite intent to commit that crime (*see*, Penal Law § 15.25). In evaluating the legal sufficiency of trial evidence, we must view the evidence in the light most favorable to the People (*see, People v Contes*, 60 NY2d 620, 621) and "determine whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495 [citation omitted]).

Turning to defendant's intoxication argument, the jury heard testimony from the victim and several other prosecution and defense witnesses regarding defendant's intoxication on the evening at issue, and defendant testified that he drank 14 to 18 beers prior to going for a walk that evening. Additionally, County Court instructed the jury regarding defendant's intoxication possibly negating the element of intent. By its verdict, however, the jury obviously rejected defendant's claim and, since that determination is within the jury's province (*see, People v Keller*, 246 AD2d 828, 829, *lv denied* 91 NY2d 1009; *People v Gagliardi*, 232 AD2d 879, 880) and we find record evidence to support it, that argument also fails on this appeal. That being defendant's only challenge to the sufficiency of the evidence, his conviction shall remain undisturbed.

Finally, we reject defendant's contention that his sentence was harsh and excessive. Defendant's sentence was well within the statutory parameters for a second felony offender convicted of this class D violent felony offense (*see*, Penal Law § 70.06 [6] [c]; §§ 110.00, 160.10) and the record reveals no extraordinary circumstances which would prompt us to disturb it (*see, People v Dolphy*, 257 AD2d 681, *lv denied* 93 NY2d 872).

Crew III, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.