THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BROWN, Appellant. [787 NYS2d 538]—Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered October 15, 2002. The judgment convicted defendant, upon a jury verdict, of burglary in the third degree, criminal mischief in the fourth degree and petit larceny.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him of, inter alia, burglary in the third degree (Penal Law § 140.20), defendant contends that the verdict is against the weight of the evidence. We reject that contention (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant failed to preserve for our review his further contention that County Court improperly restricted his cross-examination of the complainant with respect to her alleged motive to make false accusations against him (*see generally People v Rookey*, 292 AD2d 783 [2002], *lv denied* 98 NY2d 701 [2002]; *People v Zayas*, 202 AD2d 324 [1994], *lv denied* 83 NY2d 973 [1994]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). The sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Green, Kehoe, Smith and Hayes, JJ.

 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACKIE TAYLOR, Appellant. [787 NYS2d 539]—

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered July 23, 2002. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (two counts), burglary in the first degree and robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her following a jury trial of two counts of murder in the second degree (Penal Law § 125.25 [1], [3]) and one count each of burglary in the first degree (§ 140.30 [2]) and robbery in the first degree (§ 160.15 [1]). Contrary to the contention of defendant, neither her statutory nor due process rights were violated by her alleged absence from the courtroom. Initially, we note that the record establishes that the defendant was present throughout the trial proceedings. Her contention that she was asleep at times during the trial, and therefore effectively absent, is without support in the record.

We also reject the contention of defendant that Supreme Court abused its discretion by not sua sponte ordering an examination of her competency pursuant to CPL article 730. If facts arise during trial or sentencing that indicate that a defendant is not able to understand the proceedings or to assist in her defense, then the court must inquire into her competency and, if it is of the opinion that she may be incapacitated, order an examination pursuant to article 730 (*see People v Tortorici,* 92 NY2d 757, 765-766 [1999], *cert denied* 528 US 834 [1999]). The decision to order a competency examination rests in the sound discretion of the court (*see People v Morgan,* 87 NY2d 878, 879 [1995]). We perceive no abuse of that discretion here. The information available to the court indicated, at most, that defendant had previously suffered from a mental illness and that she may have stopped taking certain medications. A history of prior mental illness or treatment does not itself call into question defendant's competence (*see People v Carbonel,* 296 AD2d 858

[2002]). Significantly, defense counsel did not request a hearing or an evaluation (*see People v Gensler*, 72 NY2d 239, 243-244 [1988], *cert denied* 488 US 932 [1988]). As there is no indication in the record that defendant was not able to understand the proceedings or to assist in her defense, the court did not abuse its discretion by failing to order a hearing.

We have considered the remaining contentions of defendant, including her contentions with respect to the weight of the evidence and the severity of the sentence, and conclude that they are without merit. Present—Pigott, Jr., P.J., Green, Kehoe, Smith and Hayes, JJ.