■ The People of the State of New York, Respondent, v Arturo DeJesus, Appellant. [790 NYS2d 900]—

Appeal from a judgment of the Supreme Court, Erie County (Mario J. Rossetti, A.J.), rendered November 22, 2002. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree and criminal possession of a weapon in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and criminal possession of a weapon in the fourth degree (§ 265.01 [2]). Defendant has failed to preserve for our review his contention that there is legally insufficient evidence of his intent to cause the death of another person because he was intoxicated at the time of the

crime (*see generally People v Gray*, 86 NY2d 10, 19 [1995]; *People v Montes*, 225 AD2d 1052, 1053 [1996], *lv denied* 88 NY2d 882 [1996]). Were we to address that contention, we would conclude that it lacks merit. Supreme Court properly charged the jury on the issue of intoxication (*see generally* Penal Law § 15.25; *People v Perry*, 61 NY2d 849, 850 [1984]), and there is record evidence to support the jury's determination (*see People v Stewart*, 296 AD2d 587, 588 [2002]; *People v DeAngelo*, 129 AD2d 807 [1987], *lv denied* 71 NY2d 967 [1988]; *see generally People v Bleakley* 69 NY2d 490, 495 [1987]). We reject the contention of defendant that the court erred in denying his request for a charge on the affirmative defense of extreme emotional disturbance (*see* Penal Law § 125.25 [1] [a]). "Even if sufficient evidence of the subjective element of extreme emotional disturbance were present in this case, proof of the objective element is lacking" (*People v Roche*, 98 NY2d 70, 78 [2002]; *see generally People v Moye*, 66 NY2d 887, 890 [1985]). The sentence is not unduly harsh or severe. We have examined defendant's remaining contention and conclude that it is lacking in merit. Present—Hurlbutt, J.P., Smith, Pine, Lawton and Hayes, JJ.