THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIUS HATTEN, Appellant. [813 NYS2d 343]—

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered May 6, 2004. The judgment convicted defendant, upon a jury verdict, of assault in the first degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him of assault in the first degree (Penal Law § 120.10 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [1]), defendant contends that he received ineffective assistance of counsel. We reject that contention. Defendant was not denied effective assistance of counsel based on defense counsel's failure to request a justification charge inasmuch as the evidence does not support such a charge (*see People v Douglas*, 160 AD2d 1015 [1990], *lv denied* 76 NY2d 855 [1990]). Nor can it be said that defendant was denied effective assistance of counsel based on defense counsel's failure to request that assault in the third degree be charged as a lesser included offense of assault in the first degree. There is no reasonable view of the evidence that would support a finding that defendant committed the lesser offense but not the greater offense (*see generally People v Glover*, 57 NY2d 61, 63), i.e., that defendant had the intent to cause physical injury but not serious physical injury to another person.

Defendant further contends that he was denied a fair trial based on prosecutorial misconduct. Defendant failed to preserve

his contention for our review with respect to the majority of the instances of alleged misconduct (*see* CPL 470.05 [2]), and we decline to exercise our power to review defendant's contention with respect to those instances as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We further conclude that the remaining instances of prosecutorial misconduct that are preserved for our review did not deprive defendant of his right to a fair trial and thus do not require reversal (*see generally People v Matthews*, 27 AD3d 1115 [2006]; *People v Rubin*, 101 AD2d 71, 78 [1984], *lv denied* 63 NY2d 711 [1984]). We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Kehoe, J.P., Gorski, Martoche, Green and Hayes, JJ.