THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT TEDESCO, Appellant. [816 NYS2d 269]—

Appeal from a judgment of the Erie County Court (Timothy J. Drury, J.), rendered March 10, 2005. The judgment convicted defendant, upon a jury verdict, of assault in the second degree, assault in the third degree (three counts) and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of one count each of assault in the second degree (Penal Law § 120.05 [2]) and endangering the welfare of a child (§ 260.10 [1]), and three counts of assault in the third degree (§ 120.00 [1]), for assaulting his 12-year-old daughter. Defendant contends that the conviction of assault in the second degree is not supported by legally sufficient evidence with respect to the elements of intent to cause physical injury and the use of a dangerous instrument. Addressing first the legal sufficiency of the evidence of defendant's intent to cause physical injury, we note that it is well established that a "defendant may be presumed to intend the natural and probable consequences of his actions . . . , and [i]ntent may be inferred from the totality of conduct of the accused" (*People v Roman*, 13 AD3d 1115, 1116 [2004], *lv denied* 4 NY3d 802 [2005] [internal quotation marks omitted]). Here, defendant's daughter testified that she sustained bruises when defendant struck her on her back with an 18-inch-long wooden board, and that testimony is legally sufficient evidence of intent to cause physical injury (*see generally People v Mahoney*, 6 AD3d 1104 [2004], *lv denied* 3 NY3d 660 [2004]). In addition, the People presented the testimony of a pediatrician that the location of the daughter's bruises indicated that they were not accidental in nature (*see People v Tompkins*, 8 AD3d 901 [2004]).

We further conclude that the evidence is legally sufficient to establish defendant's use of a dangerous instrument. Pursuant to Penal Law § 10.00 (13), a dangerous instrument is one that, "under the circumstances in which it is used, . . . is readily capable of causing . . . serious physical injury." Here, the evidence is legally sufficient to establish that an 18-inch-long wooden board used by an adult on a child is readily capable of causing serious physical injury to the child (*see e.g. People v*

*Griffin*, 24 AD3d 972 [2005], *lv denied* 6 NY3d 834 [2006]; *People v Zabala*, 290 AD2d 578, 580 [2002], *lv denied* 97 NY2d 735 [2002]; *People v Wade*, 232 AD2d 290 [1996], *lv denied* 89 NY2d 989 [1997]). Contrary to defendant's further contention, the verdict is not against the weight of the evidence with respect to assault in the second degree (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

We further reject the contention of defendant that he was denied effective assistance of counsel based on, inter alia, defense counsel's failure to request that assault in the third degree be charged as a lesser included offense of assault in the second degree. "There is no reasonable view of the evidence that would support a finding that defendant committed the lesser offense but not the greater offense" (*People v Hatten*, 28 AD3d 1247, 1247 [2006]). Viewing the evidence, the law, and the circumstances of this case, in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Green and Hayes, JJ.