■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY P. SMOKE, JR., Appellant. [843 NYS2d 875]—

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered September 6, 2005. The judgment

convicted defendant, upon a jury verdict, of assault in the second degree and conspiracy in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [2]) and conspiracy in the fourth degree (§ 105.10 [1]). We reject the contention of defendant that County Court erred in denying his motion to dismiss the indictment. Contrary to the contention of defendant, the People did not violate the notice provision of CPL 190.50 (5) (a) inasmuch as he was never arraigned in a local criminal court on the felony complaint. We agree with the court that "[t]here is nothing in the record to support defendant's [contention] that the People intentionally delayed the arraignment in order to obtain an indictment without notifying defendant of the [g]rand [j]ury proceeding" (*People v Jones*, 281 AD2d 185, 186 [2001], *lv denied* 96 NY2d 831 [2001]). Defendant further contends that the conviction is not supported by legally sufficient evidence because the People failed to establish that he intended to cause physical injury and that he communicated with his coconspirators. We reject that contention (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The People established that the victim was attacked by five assailants brandishing various objects, including a baseball bat, hockey stick, and golf club, and the victim identified defendant as one of the assailants who struck him with an object (*see People v Tedesco*, 30 AD3d 1075, 1076 [2006], *lv denied* 7 NY3d 818 [2006]). Further, the communication of defendant with his coconspirators "could be readily inferred from the evidence" (*People v Serra*, 293 AD2d 338 [2002], *lv denied* 98 NY2d 681 [2002]). We also reject defendant's contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Defendant failed to preserve for our review his contention that he was deprived of a fair trial by prosecutorial misconduct on summation (*see People v Smith*, 32 AD3d 1291, 1292 [2006], *lv denied* 8 NY3d 849 [2007]). In any event, the prosecutor's remarks were fair response to defense counsel's summation (*see id.*). The sentence is not unduly harsh or severe. We note, however, that the certificate of conviction incorrectly reflects that defendant was sentenced to a five-year period of postrelease supervision, and it must therefore be amended to reflect that he was sentenced to a three-year period of postrelease supervision (*see* Penal Law former § 70.45 [2]; *see also People v Saxton*, 32 AD3d 1286 [2006]). Present—Gorski, J.P., Smith, Centra, Fahey and Pine, JJ.