■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLESTON COLLINS, Appellant. [842 NYS2d 624]—Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered May 14, 2003. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of manslaughter in the first degree (Penal Law § 125.20 [1]). Contrary to defendant's contention, the conviction is supported by legally sufficient evidence and the verdict is not against the weight of the evidence (*see People v Bisono*, 37 AD3d 844 [2007], *lv denied* 8 NY3d 981 [2007]; *People v Garcia*, 308 AD2d 389 [2003], *lv denied* 1 NY3d 572). The intent of defendant to cause serious physical injury may be inferred from his conduct in stabbing the victim (*see People v Steinberg*, 79 NY2d 673, 682 [1992]; *People v Tedesco*, 30 AD3d 1075, 1076 [2006], *lv denied* 7 NY3d 818 [2006]; *People v Shero*, 283 AD2d 953 [2001], *lv denied* 96 NY2d 868 [2001]). Although defendant contends that a prosecution witness was not credible, it was for the jury to resolve issues of credibility, and its determination is entitled to great deference on appeal (*see Bisono*, 37 AD3d at 844-845; *People v Williams*, 284 AD2d 957 [2001], *lv denied* 96 NY2d 943 [2001]).

Contrary to the further contention of defendant, County Court properly refused to suppress his statement to the police. The court's assessment of the credibility of the police officer who testified at the suppression hearing is entitled to deference (*see People v Prochilo*, 41 NY2d 759, 761 [1977]), and the record supports the court's determination that defendant voluntarily made the statement after waiving his *Miranda* rights (*see People v Gainey*, 34 AD3d 1250 [2006], *lv denied* 8 NY3d 880 [2007]). We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Gorski, J.P., Smith, Centra, Fahey and Pine, JJ.