THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY L. JOHNSON, Appellant. [842 NYS2d 668]—

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered August 29, 2005. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). Defendant contends that the murder conviction is not supported by legally sufficient evidence because he was intoxicated at the time of the incident and the People failed to establish that he formed the specific intent to commit murder. Defendant made only a general motion to dismiss and thus failed to preserve his contention for our review (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, the evidence, viewed in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), is legally sufficient to support the conviction (*see People v DeJesus*, 16 AD3d 1112, 1112-1113 [2005], *lv denied* 4 NY3d 853 [2005]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We further conclude that the verdict is not against the weight of the evidence (*see People v Wallace*, 217 AD2d 918 [1995], *lv denied* 86 NY2d 847 [1995]; *see generally Bleakley*, 69 NY2d at 495).

Contrary to the contention of defendant, County Court did not err in denying his *Batson* challenge. The court properly determined that the prosecutor's explanations for exercising peremptory challenges with respect to two prospective jurors were

race-neutral, and defendant failed to meet his ultimate burden of showing that those explanations were pretextual (*see People v Johnson*, 38 AD3d 1327 [2007], *lv denied* 9 NY3d 866 [2007]; *People v Scott*, 32 AD3d 1178, 1180 [2006], *lv denied* 8 NY3d 884 [2007]; *see generally People v Smocum*, 99 NY2d 418, 422-423 [2003]). The court also properly refused to suppress the red sweatshirt that defendant was allegedly wearing at the time of the murder. The police had received a description of defendant, including the clothing he was wearing, and they observed the sweatshirt in plain view when they went to defendant's apartment (*see People v Stein*, 306 AD2d 943 [2003], *lv denied* 100 NY2d 599 [2003], 1 NY3d 581 [2003]; *see also People v Thomas*, 259 AD2d 997, 997-998 [1999], *lv denied* 93 NY2d 980 [1999], *cert denied* 528 US 1026 [1999]; *see generally People v Diaz*, 81 NY2d 106, 110 [1993]). The sentence is not unduly harsh or severe.

Contrary to the contention of defendant in his main brief and his pro se supplemental brief, he received effective assistance of counsel (*see People v Baldi*, 54 NY2d 137, 147 [1981]). We reject the further contention of defendant in his pro se supplemental brief that the court abused its discretion in failing, sua sponte, to order a competency hearing (*see People v Tortorici*, 92 NY2d 757, 765-766 [1999], *cert denied* 528 US 834 [1999]; *People v Taylor*, 13 AD3d 1168 [2004], *lv denied* 4 NY3d 836 [2005]; *People v Mauricio*, 8 AD3d 1089 [2004], *lv denied* 3 NY3d 678 [2004]). There is no indication in the record that defendant was unable to understand the proceedings or to assist in his defense (*see People v Monk*, 29 AD3d 605 [2006]; *Taylor*, 13 AD3d at 1169). We have reviewed the remaining contentions raised in the pro se supplemental brief and conclude that they are without merit. Present—Gorski, J.P., Smith, Centra, Fahey and Green, JJ.