█ The People of the State of New York, Respondent, v Philip Felice, Appellant. [846 NYS2d 531]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered September 14, 2005. The judgment convicted defendant, upon a jury verdict, of assault in the first degree and assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of assault in the first degree (Penal Law § 120.10 [2]) and assault in the second degree (§ 120.05 [1]). Defendant failed to preserve for our review his contention that the conviction of assault in the first degree is not supported by legally sufficient evidence (see People v Gray, 86 NY2d 10, 19 [1995]). In any event, his contention is without merit. The evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), establishes that defendant bit the victim's nose, which caused a one-inch laceration that penetrated both the skin and the nasal cavity. At the time of trial, the victim still had a visible scar. That evidence is legally sufficient to establish that defendant intentionally disfigured another person, both seriously and permanently (see Penal Law § 120.10 [2]; People v Kenney, 291 AD3d 331 [2002], lv denied 98 NY2d 638 [2002]; People v Elforte, 220 AD2d 332 [1995], lv denied 87 NY2d 921 [1996]).

Supreme Court properly denied defendant's request to charge reckless assault in the third degree (see Penal Law § 120.00 [2]) as a lesser included offense of assault in the first degree. There is no reasonable view of the evidence that would support a finding that defendant committed the lesser offense but not the greater offense, i.e., that defendant caused physical injury but not serious physical injury (see People v Hatten, 28 AD3d 1247 [2006], lv denied 7 NY3d 813 [2006]; People v Vasquez, 25 AD3d 465, 466 [2006], lv denied 6 NY3d 854 [2006]). Defendant fur-

ther contends that the court should have charged assault in the third degree as a lesser included offense of assault in the first degree because evidence of his intoxication would allow the jury to find that he acted recklessly but not intentionally. We reject that contention (*see generally People v Butler*, 84 NY2d 627, 630-633 [1994]; *People v Cody*, 260 AD2d 718, 719 [1999], *lv denied* 93 NY2d 1002 [1999]). The evidence here supported the finding that defendant either intentionally bit the victim's nose or, by reason of intoxication, was unable to form the specific intent to do so (*see People v Echevarria*, 17 AD3d 204 [2005], *affd* 6 NY3d 89 [2005]; *Butler*, 84 NY2d at 634; *Cody*, 260 AD2d at 719), but it does not support the finding that defendant recklessly caused injury to the victim (*see People v Funchess*, 284 AD2d 478 [2001], *lv denied* 96 NY2d 939 [2001]).

Defendant failed to renew his motion for a trial order of dismissal after presenting evidence and thus failed to preserve for our review his contention that, based on his level of intoxication, the evidence is legally insufficient to establish that he possessed the requisite intent to commit the crimes of which he was convicted (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). In any event, his contention is without merit (*see People v DeJesus*, 16 AD3d 1112, 1112-1113 [2005], *lv denied* 4 NY3d 853 [2005]). Although there was evidence at trial that defendant consumed a significant quantity of alcohol on the night of the incident, "[a]n intoxicated person can form the requisite criminal intent to commit a crime, and it is for the trier of fact to decide if the extent of the intoxication acted to negate the element of intent" (*People v Gonzalez*, 6 AD3d 457 [2004], *lv denied* 2 NY3d 799 [2004]; *see People v LaGuerre*, 29 AD3d 820, 822 [2006], *lv denied* 7 NY3d 814 [2006]; *People v Jackson*, 269 AD2d 867 [2000], *lv denied* 95 NY2d 798 [2000]). The jury's determination is supported by the record (*see LaGuerre*, 29 AD3d at 822). Contrary to the further contention of defendant, he received effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]).

Similarly, by failing to renew his motion for a trial order of dismissal after presenting evidence, defendant failed to preserve for our review his contention that the conviction of assault in the second degree is not supported by legally sufficient evidence (*see Hines*, 97 NY2d at 61). We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Hurlbutt, J.P., Martoche, Smith, Centra and Fahey, JJ.