THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FUQUAN FIELDS, Appellant. (Appeal No. 1.) [879 NYS2d 792]—

Appeal from a judgment of the Supreme Court, Erie County (Amy J. Fricano, J.), rendered March 8, 2007. The judgment convicted defendant, upon a jury verdict, of assault in the first degree, assault in the third degree, criminal possession of a weapon in the third degree, criminal contempt in the first degree, tampering with a witness in the third degree, intimidating a witness in the third degree and criminal contempt in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, assault in the first degree (Penal Law § 120.10 [1]) and, in appeal No. 2, he appeals from a judgment convicting him upon the same jury verdict of, inter alia, seven counts of criminal possession of a forged instrument in the second degree (§ 170.25). We

reject the contention of defendant that he was denied effective assistance of counsel. Defendant failed to show that any prejudice resulted from the untimely filing of his severance motion or the failure to locate certain defense witnesses (*see People v Barber*, 202 AD2d 978, 979 [1994], *lv denied* 83 NY2d 908 [1994]). We conclude that "the evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation, reveal that [defense counsel] provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147 [1981]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The record establishes that defendant abandoned his request to proceed pro se, which in any event was equivocal at best, and thus his further contention that Supreme Court erred in denying that request is not properly before us (*see People v Smith*, 281 AD2d 957 [2001], *lv denied* 96 NY2d 868 [2001]; *see generally People v Gillian*, 8 NY3d 85, 87-88 [2006]). Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Smith, Centra, Pine and Gorski, JJ.