THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH T. LOMBARDI, Appellant. [893 NYS2d 400]—

Memorandum: On appeal from a judgment convicting him upon a jury verdict of felony driving while ability impaired by drugs (Vehicle and Traffic Law § 1192 [4]; § 1193 [1] [c] [former (i)]) and criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), defendant contends that he was denied a fair trial based on prosecutorial misconduct. Defendant preserved his contention for our review only with respect to one comment on cross-examination and two comments on summation, and we conclude that those comments were not so egregious as to deny defendant a fair trial (see People v Rivera, 281 AD2d 927 [2001], lv denied 96 NY2d 906 [2001]). Furthermore, County Court sustained defendant's objections to those comments and issued curative instructions that the jury is presumed to have followed (see id.). Defendant failed to preserve for our review his contention with respect to the remaining instances of alleged prosecutorial misconduct on summation (see CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).

Defendant also failed to preserve for our review his contention that the court penalized him for exercising his right to trial by imposing a harsher sentence than that included in the pretrial plea offer (see People v Griffin, 48 AD3d 1233, 1236-1237 [2008], lv denied 10 NY3d 840 [2008]; People v Tannis, 36 AD3d 635 [2007], lv denied 8 NY3d 927 [2007]). In any event, that contention is without merit. " '[T]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished

for asserting his right to trial' " (*People v Chappelle*, 14 AD3d 728, 729 [2005], *lv denied* 5 NY3d 786 [2005]), and there is no evidence in the record that the sentencing court was vindictive (*see Tannis*, 36 AD3d 635 [2007]). The sentence is not unduly harsh or severe. We have considered the remaining contentions of defendant in his main brief and conclude that they are without merit.

Finally, defendant failed to preserve for our review his contention in his pro se supplemental brief that the conviction is not supported by legally sufficient evidence inasmuch as he failed to renew his motion for a trial order of dismissal after presenting evidence (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). In any event, that contention lacks merit (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Present—Hurlbutt, J.P., Smith, Fahey and Carni, JJ.