■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS A. MATEO, Appellant. [894 NYS2d 794]—

Appeal from a judgment of the Supreme Court, Monroe County (Dennis M. Kehoe, A.J.), rendered May 17, 2005. The judgment convicted defendant, upon a jury verdict, of assault in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of assault in the third degree (Penal Law § 120.00 [1]), defendant contends that the verdict is against the weight of the evidence because he was too intoxicated to have the requisite criminal intent to commit the assault. "Although there was evidence at trial that defendant consumed a significant quantity of alcohol on the night of the incident, '[a]n intoxicated person can form the requisite criminal intent to commit a crime, and it is for the trier of fact to decide if the extent of the intoxication acted to negate the element of intent' " *(People v Felice,* 45 AD3d 1442, 1443 [2007], *lv denied* 10 NY3d 764 [2008]; *see People v Scott,* 47 AD3d 1016, 1018 [2008], *lv denied* 10 NY3d 870 [2008]; *People v LaGuerre,* 29 AD3d 820, 822 [2006], *lv denied* 7 NY3d 814 [2006]). Here, there is ample evidence in the record to support the verdict and, affording deference to the jury's credibility determinations, "we cannot say that the jury improperly weighed the evidence in deciding in the People's favor the extent of defendant's intoxication" *(Scott,* 47 AD3d at 1019; *see People v Massey,* 45 AD3d 1044, 1046 [2007], *lv denied* 9 NY3d 1036 [2008]). Viewing the evidence in light of the elements of the crime of assault as charged to the jury *(see People v Danielson,* 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence *(see generally People v Bleakley,* 69 NY2d 490, 495 [1987]). Present—Smith, J.P., Peradotto, Carni, Pine and Gorski, JJ.