THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMON HUNTER, Appellant. [894 NYS2d 685]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered November 3, 2006. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree and burglary in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [3]) and burglary in the first degree (§ 140.30 [3]). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction because his intoxication precluded him from forming the requisite intent to commit the crimes (*see People v Lamica*, 53 AD3d 1109 [2008], *lv denied* 11 NY3d 833 [2008]; *see generally People v Gray*, 86 NY2d 10, 19 [1995]). In any event, his contention is without merit. Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that a rational trier of fact could infer that defendant had the requisite intent to commit the crimes of which he was convicted (*see People v Pross*, 302 AD2d 895, 897-898 [2003], *lv denied* 99 NY2d 657 [2003]; *see generally People v Tedesco*, 30 AD3d 1075, 1076 [2006], *lv denied* 7 NY3d 818 [2006]; *People v Mahoney*, 6 AD3d 1104 [2004], *lv denied* 3 NY3d 660 [2004]). We further note the well-settled principle that " '[a]n intoxicated person can form the requisite criminal intent to commit a crime, and it is for the trier of fact to decide if the extent of the intoxication acted to negate the element of intent' " (*People v Felice*, 45 AD3d 1442, 1443 [2007], *lv denied* 10 NY3d 764 [2008]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject the further contention of defendant that the verdict is against the weight of the evidence (*see People v Johnson*, 43 AD3d 1422 [2007], *lv denied* 9 NY3d 1035 [2008]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Also contrary to the contention of defendant, he received effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Defense counsel's failure to make a motion for a trial order of dismissal on the ground raised on appeal does not constitute ineffective assistance of counsel because that motion would have had no chance of success (*see People v Stultz*, 2 NY3d 277, 287 [2004], *rearg denied* 3 NY3d 702 [2004]; *People v Lewis*, 67 AD3d 1396 [2009]). Defense counsel also was not ineffective for failing to retain an expert on the issue of defendant's intoxication. " 'Defendant has not demonstrated that such testimony was available, that it would have assisted the jury in its determination or that he was prejudiced by its absence' " (*People v Jurgensen*, 288 AD2d 937, 938 [2001], *lv denied* 97 NY2d 684 [2001]). Present—Scudder, P.J., Centra, Carni and Pine, JJ.