■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL MARTINEZ, Appellant. [900 NYS2d 581]—

Appeal from a judgment of the Erie County Court (Shirley Troutman, J.), rendered March 28, 2008. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree and assault in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and assault in the first degree (§ 120.10 [1]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant further contends that the evidence is legally insufficient to support the conviction because his intoxication precluded him from forming the requisite intent to commit the crimes. Although defendant correctly concedes that he failed to preserve that contention for our review inasmuch as he made only a general motion for a trial order of dismissal (*see People v Gray*, 86 NY2d 10, 19 [1995]; *People v Lamica*, 53 AD3d 1109 [2008], *lv denied*

11 NY3d 833 [2008]), he contends that he thereby was denied effective assistance of counsel. We reject that contention because defendant failed to demonstrate that his "contention [with respect to the legal sufficiency of the evidence] would be meritorious upon [our] review" (*People v Bassett*, 55 AD3d 1434, 1438 [2008], *lv denied* 11 NY3d 922 [2009]). "Although there was evidence at trial that defendant consumed a significant quantity of alcohol on the night of the incident, [a]n intoxicated person can form the requisite criminal intent to commit a crime, and it is for the trier of fact to decide if the extent of the intoxication acted to negate the element of intent" (*People v Mateo*, 70 AD3d 1331 [2010] [internal quotation marks omitted]). Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that a rational trier of fact could find that defendant had the requisite intent to commit the crimes of which he was convicted (*see People v Hunter*, 70 AD3d 1388 [2010]).

We further conclude that defendant was not denied effective assistance of counsel based on the failure of defense counsel to object to certain photographs admitted in evidence and his alleged failure to prepare for trial adequately. "[T]he record, viewed as a whole, reflects that defense counsel provided meaningful representation" (*People v Daniels*, 68 AD3d 1711, 1712 [2009]; *see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Peradotto, Lindley and Gorski, JJ.