# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

60

KA 09-01503

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, SCONIERS, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MARCUS MILLER, DEFENDANT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT.

DONALD H. DODD, DISTRICT ATTORNEY, OSWEGO (MICHAEL G. CIANFARANO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered May 21, 2009. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal sale of a controlled substance in the third degree (§ 220.39 [1]). Defendant contends that he was denied effective assistance of counsel based on various alleged errors committed by defense counsel. We reject that contention. Defendant failed to demonstrate that defense counsel's failure to meet with two potential witnesses or to seek the authorization of County Court to obtain the assistance of a private investigator pursuant to County Law § 722-c to locate those potential witnesses was not a reasonable and legitimate trial strategy under the circumstances of this case (*see generally People v Benevento*, 91 NY2d 708, 712; *People v Rivera*, 71 NY2d 705, 709; *People v Morgan*, 77 AD3d 1419). Defense counsel was in possession of written statements from those two potential witnesses and could have concluded based on the testimony of the People's witnesses that the testimony of those two potential witnesses would not be helpful but, rather, possibly would be harmful to the defense (*see generally People v Safford*, 74 AD3d 1835, 1837; *People v Fields*, 63 AD3d 1626, 1626-1627, *lv denied* 13 NY3d 835). The fact that defense counsel made a general rather than a specific motion for a trial order of dismissal also does not constitute ineffective assistance of counsel where, as here, a specific motion would have had little or no chance of success (*see People v Martinez*, 73 AD3d 1432, *lv denied* 15 NY3d 807; *People v*

*Hunter*, 70 AD3d 1388, 1389, *lv denied* 15 NY3d 751; *see generally People v Caban*, 5 NY3d 143, 152). Indeed, we note that defendant does not contend on appeal that the evidence is legally insufficient to support the conviction. Also contrary to defendant's contention, defense counsel's strategy in informing the jurors that he was "not going to put [defendant] on the stand" did not constitute ineffective assistance (*see People v Riley*, 292 AD2d 822, 823, *lv denied* 98 NY2d 640). We have examined defendant's remaining allegations of ineffective assistance of counsel and conclude that they lack merit (*see generally People v Baldi*, 54 NY2d 137, 147).

Defendant failed to preserve for our review his further contention that he was penalized for exercising his right to a jury trial on the ground that he received a harsher sentence than that proposed as part of a plea agreement (*see People v Dorn*, 71 AD3d 1523; *People v Lombardi*, 68 AD3d 1765, *lv denied* 14 NY3d 802). In any event, his contention is without merit. "[T]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to trial . . ., and there is no evidence in the record that the sentencing court was vindictive" (*Lombardi*, 68 AD3d at 1765-1766 [internal quotation marks omitted]; *see People v Chappelle*, 14 AD3d 728, 729, *lv denied* 5 NY3d 786; *see generally People v Pena*, 50 NY2d 400, 411-412, *rearg denied* 51 NY2d 770, *cert denied* 449 US 1087). Finally, the sentence is not unduly harsh or severe.

Entered:  February 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court