People v Vicks (2024 NY Slip Op 05687)

People v Vicks

2024 NY Slip Op 05687

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, DELCONTE, AND KEANE, JJ.

699 KA 18-01027

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES VICKS, DEFENDANT-APPELLANT. 

TINA L. HARTWELL, PUBLIC DEFENDER, UTICA (ALYSSA N. DWYER OF COUNSEL), FOR DEFENDANT-APPELLANT.
TODD C. CARVILLE, DISTRICT ATTORNEY, UTICA (DAWN CATERA LUPI OF COUNSEL), FOR RESPONDENT.

 Appeal from a judgment of the Oneida County Court (Robert Bauer, J.), rendered November 29, 2017. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), defendant contends that the conviction is not supported by legally sufficient evidence and that the verdict is against the weight of the evidence. Defendant failed to preserve for our review his contention that his conviction is not supported by legally sufficient evidence (see People v Gray, 86 NY2d 10, 19 [1995]). Nevertheless, " 'we necessarily review the evidence adduced as to each of the elements of the crime[ ] in the context of our review of defendant's challenge regarding the weight of the evidence' " (People v Stepney, 93 AD3d 1297, 1298 [4th Dept 2012], lv denied 19 NY3d 968 [2012]). Viewing the evidence in light of the elements of the crime as charged to the jury (see generally People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We reject defendant's further contention that he was deprived of effective assistance of counsel. The alleged claims of ineffective assistance set forth by defendant "are based largely on his hindsight disagreements with defense counsel's trial strategies, and defendant failed to meet his burden of establishing the absence of any legitimate explanations for those strategies" (People v Avilez, 56 AD3d 1176, 1177 [4th Dept 2008], lv denied 12 NY3d 755 [2009] [internal quotation marks omitted]; see People v Dunn, 229 AD3d 1220, 1223 [4th Dept 2024]; People v Smith, 228 AD3d 1324, 1325 [4th Dept 2024]). The remaining alleged shortcoming, i.e., that defense counsel made a general rather than a specific motion for a trial order of dismissal, "also does not constitute ineffective assistance of counsel where, as here, a specific motion would have had little or no chance of success" (People v Miller, 81 AD3d 1282, 1283 [4th Dept 2011], lv denied 16 NY3d 861 [2011]; see People v Jones, 147 AD3d 1521, 1521 [4th Dept 2017], lv denied 29 NY3d 1033 [2017]).
Finally, contrary to defendant's contention, the sentence is not unduly harsh and severe.
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court