■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEINO MOSS, Appellant. [626 NYS2d 853] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered January 11, 1993, convicting him of robbery in the first degree, criminal possession of stolen property in the fifth degree, attempted assault in the second degree (two counts), resisting arrest (two counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

The critical issue with respect to the robbery charge was whether the defendant's alleged intoxication prevented him from forming the requisite intent to commit the crime. The defendant testified that he was drunk at the time of the incident and the defendant's girlfriend corroborated his testimony. During cross-examination of the girlfriend, the prosecutor created an inference that her testimony was recently fabricated. Consequently, the court erred in refusing to admit into evidence a tape of an emergency 911 telephone call made by the girlfriend just prior to the incident reporting that the defendant was drunk since that evidence was offered to rehabilitate her (see, People v McDaniel, 81 NY2d 10, 18; People v McClean, 69 NY2d 426, 428).

Further, we find that the prosecutor's conduct in this case was so prejudicial that it deprived the defendant of a fair trial. The prosecutor's numerous references to the defendant as a violent person, his questions during cross-examination of the defendant that were calculated to culminate in a comparison between the defendant and the character "Hannibal Lec-

ter" in the film "Silence of the Lambs", his questions and comments during summation which invited the jurors to place themselves in the position of victims being threatened by the defendant, and the prosecutor's waving of a knife in front of the jury during summation could only have been intended to inflame the passions of the jury. In addition, the prosecutor disregarded the court's *Sandoval* ruling in cross-examining the defendant. While any one of these instances of misconduct alone would not have warranted reversal, the cumulative effect denied the defendant a fair trial *(see, People v Gomez,* 156 AD2d 462). To the extent that some of those claims of misconduct are unpreserved for appellate review, we have reviewed them in the exercise of our interest of justice jurisdiction. Balletta, J. P., Copertino, Altman and Goldstein, JJ., concur.