■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER L. WEBB, Appellant. [653 NYS2d 999] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of burglary in the second degree and petit larceny, defendant contends that he was deprived of his right to be present for jury selection. We disagree. Jury selection was scheduled to commence at 10:00 A.M. on September 8, 1994, and Supreme Court had previously informed defendant that the trial would proceed in his absence if he failed to appear (*see, People v Parker*, 57 NY2d 136, 141). When court convened for jury selection on September 8, defendant was not present. Defendant had missed two previous court appearances and had been late for a third. The court adjourned the matter until 10:52 A.M., at which time the prosecutor stated that she had called the jail, police and area hospitals in an unsuccessful attempt to locate defendant. Defense counsel informed the court

that he too was unable to locate defendant. The court denied defense counsel's request for an adjournment until 2:00 P.M., and jury selection commenced at 11:01 A.M. Defendant appeared 47 minutes later, after three prospective jurors had been questioned.

In our view, the court properly determined that defendant's absence from trial was deliberate (*see, People v Reed*, 197 AD2d 844, 845, *affd* 84 NY2d 945; *People v English*, 186 AD2d 1022, *lv denied* 81 NY2d 788). "Although the court failed to state on the record the facts and reasons upon which it relied in determining that defendant's absence was deliberate, the record contains sufficient facts to support the court's determination" (*People v Reed, supra*, at 845; *see, People v Howington*, 216 AD2d 960, *lv denied* 86 NY2d 781).

We agree with defendant that the prosecutor made improper comments during summation. Specifically, the prosecutor improperly suggested that defendant may have committed an uncharged crime (*see, People v Tarantola*, 178 AD2d 768, *lv denied* 79 NY2d 954) and appealed to the jurors' sympathy for the victim (*see, People v Moss*, 215 AD2d 594). The court sustained defendant's objections to those comments, however, and gave curative instructions to the jury. "Following the court's curative instructions, defense counsel neither objected further nor requested a mistrial and thus, the curative instructions must be deemed to have corrected the error to defendant's satisfaction" (*People v Bruce*, 216 AD2d 913, 914, *lv denied* 86 NY2d 872).

Defendant further contends that he was deprived of his right to testify before the Grand Jury. Because defendant did not move to dismiss the indictment on that ground within five days of arraignment, however, he has waived his challenge to the Grand Jury proceedings (*see*, CPL 190.50 [5] [c]). In any event, there is no evidence in the record that defendant notified the prosecutor in writing that he wished to testify before the Grand Jury (*see*, CPL 190.50 [5] [a]).

Finally, we conclude that defendant was not deprived of effective assistance of counsel at trial. The evidence, the law and the circumstances of this case establish that defendant received meaningful representation (*see, People v Baldi*, 54 NY2d 137, 146-147; *People v Hart*, 227 AD2d 916). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Burglary, 2nd Degree.) Present—Green, J. P., Pine, Doerr, Boehm and Fallon, JJ.