■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SHELTRAY, Appellant. [665 NYS2d 224] —Judgment unanimously affirmed. Memorandum: Defendant was convicted after a jury trial of the forcible rape, sodomy and sexual abuse of a 29-year-old mentally disabled woman. He contends that the Grand Jury proceedings were defective because the prosecutor administered the oath to the victim in violation of CPL 190.25 (2) and because of other nonjurisdictional errors occurring during the presentment (*see,* CPL 210.35 [5]). By failing to submit a written motion to dismiss on those grounds within 45 days after arraignment, defendant waived his right to a determination of those issues and failed to preserve them for our review (*see, People v De Pillo,* 168 AD2d 899, *lv denied* 78 NY2d 965). Defendant raised those issues for the first time in a posttrial motion to set aside the verdict (*see,* CPL 330.30 [1]), and County Court did not err in denying that motion. "A trial court's authority to set aside a verdict under CPL 330.30 (1) is limited to grounds which, if raised on appeal, would require reversal as a matter of law [citation omitted]. Accord-

ingly, only a claim of error that is properly preserved for appellate review may serve as the basis to set aside the verdict" (*People v Josey*, 204 AD2d 571). In any event, "dismissal of an indictment under CPL 210.35 (5) must meet a high test and is limited to instances of prosecutorial misconduct, fraudulent conduct or errors which potentially prejudice the ultimate decision reached by the Grand Jury. The [alleged errors] here [are] not of such magnitude" (*People v Carey*, 241 AD2d 748, 751; *cf., People v Rivers*, 145 AD2d 319, *lv denied* 73 NY2d 981). We have examined defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Jefferson County Court, Clary, J.—Rape, 1st Degree.) Present—Denman, P. J., Green, Lawton, Wisner and Balio, JJ.