■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL L. BEYOR, Appellant. [708 NYS2d 535] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of arson in the third degree (Penal Law § 150.10 [1]) and other charges as a result of a fire that destroyed his mobile home. We reject the contention of defendant that he was denied due process of law by the delay in perfecting his appeal. Defendant failed to demonstrate any prejudice resulting from the delay (*see, People v Cousart*, 58 NY2d 62, 68; *People v Jackson*, 258 AD2d 920, *lv denied* 93 NY2d 926; *People v Foley*, 203 AD2d 952, *lv denied* 83 NY2d 967).

Defendant contends that the evidence is legally insufficient to establish that he intentionally caused the fire because the jury failed to exclude to a moral certainty every hypothesis of innocence. That standard, however, is "available only to a trier of fact * * * A court reviewing legal sufficiency of the trial evidence must instead determine whether any valid line of reasoning and permissible inferences could lead a rational person

to the conclusion reached by the fact finder on the basis of the evidence at trial, viewed in the light most favorable to the People" (*People v Williams,* 84 NY2d 925, 926). The evidence establishes that, on the day before the fire, defendant moved his personal belongings out of his mobile home and dug his automobile out of the snow and moved it across the street from his mobile home. He told one witness of his plan to set his mobile home on fire, and he purchased an insurance policy on his mobile home a few weeks before the fire. Shortly before the fire, witnesses observed defendant in his automobile leaving the area of his mobile home in haste. The evidence is legally sufficient to support the conviction, and the verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495; *People v Snider,* 258 AD2d 929, *lv denied* 93 NY2d 979; *People v Lobianco,* 255 AD2d 909, *lv denied* 92 NY2d 1034). The sentence is neither unduly harsh nor severe.

In his *pro se* supplemental brief, defendant raises several issues, none of which requires reversal. Defendant contends that he was wrongfully denied the opportunity to appear before the Grand Jury. He waived that contention, however, by failing to move to dismiss the indictment on that ground within five days after his arraignment (*see,* CPL 190.50 [5] [c]; *People v Halm,* 180 AD2d 841, 842, *affd.* 81 NY2d 819; *People v Webb,* 236 AD2d 872, 873, *lv denied* 90 NY2d 865). In addition, defendant failed to preserve for our review his contentions that the integrity of the Grand Jury proceeding was impaired and that the prosecutor failed to instruct the Grand Jury properly because he did not move to dismiss the indictment on those grounds (*see,* CPL 470.05 [2]; *People v Sheltray,* 244 AD2d 854, *lv denied* 91 NY2d 897; *People v Volious,* 244 AD2d 871, 872, *lv denied* 93 NY2d 1029), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). Because the conviction is based on legally sufficient trial evidence, defendant's contention that the evidence before the Grand Jury was insufficient is not reviewable on appeal (*see,* CPL 210.30 [6]; *People v Wiggins,* 89 NY2d 872, 874). Finally, the contentions of defendant that he was denied his constitutional and statutory rights to a speedy trial (*see,* CPL 30.20, 30.30) are unpreserved for our review (*see,* CPL 470.05 [2]; *People v Jordan,* 62 NY2d 825, 826) and, in any event, lack merit. (Appeal from Judgment of Supreme Court, Ontario County, Cornelius, J.—Arson, 3rd Degree.) Present—Hayes, J. P., Wisner, Hurlbutt, Scudder and Kehoe, JJ.