■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOANNE WORKMAN, Also Known as JOANNE WILLIAMS, Appellant. [716 NYS2d 198] —Judgment unanimously modified as a matter of discretion in the interest of justice and as modified affirmed in accordance with the following Memorandum: Defendant appeals from a judgment convicting her after a jury trial of assault in the first degree (Penal Law § 120.10 [1]), assault in the second degree (Penal Law § 120.05 [2]), assault in

the third degree (Penal Law § 120.00 [2]), and two counts of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]). Defendant engaged in a verbal and physical altercation with two women, stabbing one of them in the eye with a knife and cutting the other one across the stomach. Defendant raised the defense of justification at trial.

County Court properly denied defendant's motion made pursuant to CPL 330.30 (1). Contrary to the contention of defendant, the People did not fail to controvert her allegations in the motion. The People did not have an opportunity to respond in writing to defendant's motion, made on the eve of sentencing, but informed the sentencing court that the motion was groundless and that they were prepared to address every issue raised therein. The People controverted those arguments made orally by defendant before the sentencing court. In her motion, defendant alleged that the People failed to turn over *Rosario* material consisting of police notes from interviews with witnesses and an arrest report. Prior to trial, the prosecutor informed the court that she had turned over all *Rosario* material with the exception of the arrest report, which she was unable to locate. Defendant never sought sanctions for the nonproduction of the arrest report and therefore failed to preserve the issue for our review (*see, People v Rogelio,* 79 NY2d 843, 844; *People v Tamayo,* 222 AD2d 321, 322, *lv denied* 88 NY2d 886; *see also, People v Feerick,* 241 AD2d 126, 136-137, *affd* 93 NY2d 433). With respect to the police notes, there was no indication at trial that the police ever took any notes from interviews with those witnesses, and the contentions of defendant to the contrary in her motion were insufficient to "require a reversal or modification of the judgment as a matter of law" (CPL 330.30 [1]).

In her motion, defendant also alleged *Brady* violations with respect to the People's failure to turn over a mug shot taken of defendant following her arrest and to disclose a criminal conviction of a prosecution witness. Prior to trial, the prosecutor informed defendant that she was unable to locate any mug shot and her investigation into the matter revealed that a photograph was never taken of defendant at the Buffalo Police Department. In addition, the prosecutor informed defendant that she disclosed all criminal convictions of the witnesses that were known by her to exist (*see,* CPL 240.45 [1] [b]). In her motion, defendant stated that such evidence did exist. We conclude, however, that there is no reasonable possibility that the outcome of the proceeding would have been different had that evidence been disclosed to the defense (*see generally,*

*People v Vilardi,* 76 NY2d 67, 77; *People v Carter,* 258 AD2d 409, 412, *lv denied* 94 NY2d 798).

The court properly denied the motion of defendant to renew her CPL 330.30 motion, made a year and a half after sentencing. A motion pursuant to CPL 330.30 is to be brought after a verdict of guilty is rendered but before sentencing. After sentencing, the proper procedure for seeking reversal is not a renewal of the denial of the CPL 330.30 motion, but rather either a direct appeal from the judgment or a postjudgment motion pursuant to CPL article 440.

Defendant's objections to the Grand Jury proceedings are not preserved for our review because defendant did not move to dismiss the indictment pursuant to CPL 210.35 (5) (*see, People v Sheltray,* 244 AD2d 854, *lv denied* 91 NY2d 897; *People v Gilliam,* 172 AD2d 1037, *lv denied* 78 NY2d 966). In any event, they are without merit. "The exceptional remedy of dismissal [of an indictment] is * * * warranted only where a defect in the indictment created a possibility of prejudice" (*People v Huston,* 88 NY2d 400, 409). Defendant contends that the integrity of the Grand Jury proceedings was impaired because the prosecutor failed to instruct the Grand Jury on the defense of justification with respect to the altercation with one of the women, and the prosecutor engaged in misconduct by showing the Grand Jury a mug shot taken of defendant from a prior arrest. Where the evidence before the Grand Jury establishes a potential defense of justification, the Grand Jury should be charged on the law regarding that defense (*see, People v Lancaster,* 69 NY2d 20, 28, *cert denied* 480 US 922). Here, however, the evidence before the Grand Jury with respect to the altercation with that woman was insufficient to require a justification charge (*see, People v Mitchell,* 82 NY2d 509, 515). While the People concede that the prosecutor erred in showing the mug shot of defendant to the Grand Jury, we conclude that this isolated instance of misconduct did not "potentially prejudice the ultimate decision reached by the Grand Jury" (*People v Carey,* 241 AD2d 748, 751, *lv denied* 90 NY2d 1010; *see, People v Sheltray, supra,* at 855; *see generally, People v Huston, supra,* at 409).

Defendant contends that she was deprived of her constitutional right to effective assistance of counsel. We disagree. To prevail on an ineffective assistance of counsel claim, defendant must establish the absence of any strategic or other legitimate explanation for counsel's alleged failures (*see, People v Garcia,* 75 NY2d 973, 974; *People v Rivera,* 71 NY2d 705, 709). A legitimate explanation existed for counsel's failure to request a

*Huntley* hearing or seek review of the Grand Jury minutes; those actions would not have led to a favorable result for defendant. There was no error in counsel's failure to cross-examine a prosecution witness with a prison information form because that form was prepared by another officer.

Although defendant contends that counsel failed to request that the court charge counts three and four of the indictment in the alternative, the court's charge and the verdict sheet indicate that those counts were submitted to the jury in the alternative. The court denied defendant's *pro se* motion for new counsel, but granted counsel's request to be relieved as counsel. The court appointed new counsel, and defendant did not thereafter seek to replace that new counsel. The contention of defendant on appeal that her new counsel erred in failing to request that the court conduct a *Sides* inquiry (*see, People v Sides,* 75 NY2d 822) is therefore without merit.

The People concede that, had counsel moved to suppress the knife found in defendant's apartment, it may have been suppressed as the result of an illegal search. We conclude, however, that counsel's failure to seek suppression of the knife does not by itself constitute ineffective assistance. We have considered defendant's remaining contentions concerning ineffective assistance of counsel and conclude that defendant failed to establish the absence of a legitimate explanation for those alleged failures. While counsel's representation was not error free, we conclude that "the evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of representation, reveal that the attorney provided meaningful representation" (*People v Baldi,* 54 NY2d 137, 147; *see, People v Trait,* 139 AD2d 937, 938, *lv denied* 72 NY2d 867).

Defendant failed to preserve for our review her contention that the conviction of assault in the second degree is not supported by legally sufficient evidence (*see, People v Gray,* 86 NY2d 10, 19; *People v Garrow* [appeal No. 2], 233 AD2d 856, 856-857, *lv denied* 89 NY2d 985). In any event, the evidence, viewed in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620, 621), establishes that defendant intended to cause physical injury to that victim by cutting her with a knife. Great deference is accorded to the jury's resolution of issues of credibility, and we conclude that the verdict with respect to that count is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). The sentence is neither unduly harsh nor severe.

Finally, defendant contends that the conviction of assault in the third degree must be reversed. We agree. The jury was

instructed to consider in the alternative the third and fourth counts of the indictment, charging assault in the second degree and assault in the third degree with respect to defendant's altercation with one of the women. Nevertheless, the jury returned a verdict of guilty for both counts. The People concede that assault in the third degree was a lesser included offense of assault in the second degree. Although defendant did not object to the verdict as being inconsistent and thus did not preserve this issue for our review (*see, People v Eccleston,* 161 AD2d 1184, 1185, *lv denied* 76 NY2d 855), we modify the judgment as a matter of discretion in the interest of justice by reversing the conviction of assault in the third degree under the fourth count of the indictment, vacating the sentence imposed thereon and dismissing that count of the indictment. (Appeal from Judgment of Erie County Court, Rogowski, J.—Assault, 1st Degree.) Present—Pine, J. P., Hayes, Wisner, Kehoe and Lawton, JJ.