■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED MARTIN, Appellant. [722 NYS2d 450] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of robbery in the second degree (Penal Law § 160.10 [2] [a]) and one count each of assault in the third degree (Penal Law § 120.00 [1]) and petit larceny (Penal Law § 155.25). Defendant waived his contention that he was denied the opportunity to appear before the Grand Jury by failing to move to dismiss the indictment on that ground within five days of his arraignment on the indictment (*see,* CPL 190.50 [5] [c]; *People v Beyor,* 272 AD2d 929, 930, *lv denied* 95 NY2d 832; *People v Webb,* 236

AD2d 872, 873, *lv denied* 90 NY2d 865). Defendant's contention that the prosecutor breached his "duty of fair dealing" and thus that strict adherence to CPL 190.50 is not required is not supported by the record. Finally, we reject the contentions of defendant in his *pro se* supplemental brief that Supreme Court erred in failing to charge the jury on "the elements of criminal liability" (*see,* Penal Law § 20.00) and that he was denied effective assistance of counsel based on defense counsel's failure to object to the charge on that ground (*see generally, People v Baldi,* 54 NY2d 137, 147). (Appeal from Judgment of Supreme Court, Monroe County, VanStrydonck, J.—Robbery, 2nd Degree.) Present—Green, J. P., Pine, Hayes, Scudder and Burns, JJ.