■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEREMY MOSER, Appellant. [722 NYS2d 852] —Judgment unanimously affirmed. Memorandum: Defendant contends that he was denied his right to testify before the Grand Jury and thus that County Court erred in denying his motion to dismiss the indictment on that ground. We disagree. Defendant failed to establish that he notified the District Attorney in writing that he wished to testify before the Grand Jury (*see,* CPL 190.50 [5] [a]; *People v Webb,* 236 AD2d 872, 873, *lv denied* 90 NY2d 865). Defense counsel's failure to provide a more detailed affidavit in support of that motion does not constitute ineffective assistance of counsel (*see generally, People v Baldi,* 54 NY2d 137, 147). The court's *Sandoval* ruling did not constitute an abuse of discretion (*see, People v Gray,* 84 NY2d 709, 712). Contrary to defendant's contention, the court was not required to provide a more detailed recitation of the reasoning underlying its ruling (*see, People v Walker,* 83 NY2d 455, 459). Defendant's contention that reversal is mandated because of

prosecutorial misconduct on summation is not preserved for our review (*see,* CPL 470.05 [2]). In any event, the one incident of alleged prosecutorial misconduct did not deprive defendant of a fair trial (*see, People v Laraby,* 219 AD2d 817, *lv denied* 88 NY2d 849, 937). (Appeal from Judgment of Orleans County Court, Punch, J.—Promoting Prison Contraband, 1st Degree.) Present—Pine, J. P., Hayes, Hurlbutt, Scudder and Lawton, JJ.