■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY BELLAMY, Appellant. [925 NYS2d 701]—

Rose, J.P. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered January 19, 2010 in Albany County, convicting defendant upon his plea of guilty of the crime of aggravated criminal contempt in the first degree.

Prior to being indicted for violating an order of protection and causing physical injury to the victim, the People offered defendant a plea bargain whereby he would waive his grand jury rights, agree to plead guilty to one charge of criminal contempt in the second degree and receive a sentence of 1½ to 3 years in prison. In response to questioning by County Court (Breslin, J.) as to whether he wished to accept or reject the offer, defendant claimed that he had made a pro se motion pursuant to CPL 190.80 and that he would like more time to consider the offer. County Court indicated that the motion was not then before the court and, based on defendant's failure to accept the offer, it was marked as "not accepted." Defendant was thereafter charged, in a 28-count indictment, with one count each of aggravated criminal contempt in the first degree, aggravated harassment in the second degree and assault in the third degree

and 24 counts of criminal contempt in the second degree. Ultimately, defendant pleaded guilty before Supreme Court to one count of aggravated criminal contempt in the first degree in satisfaction of all charges with the understanding that he would be sentenced to a term of 2 to 4 years in prison. Defendant also waived his right to appeal. Supreme Court later denied defendant's motion to withdraw the plea and sentenced him in accordance with the plea bargain. Defendant appeals and we affirm.

Once an indictment was returned, any motion pursuant to CPL 190.80 was rendered moot, and the exception to the mootness doctrine does not apply (*see People v Phillips*, 277 AD2d 816, 819 [2000], *lv denied* 96 NY2d 804 [2001]; *People ex rel. Miller v Knowlton*, 239 AD2d 655, 656 [1997]). Defendant next claims that he did not explicitly reject the preindictment offer and County Court erred in failing to give him additional time to consider it or advise him of the consequences of rejecting it. The record, however, reflects that defendant did not accept the preindictment offer and, instead, unequivocally accepted the final offer (*see People v Simmons*, 190 AD2d 911, 912 [1993]; *People v Johnson*, 181 AD2d 832 [1992], *lv denied* 80 NY2d 833 [1992]). Defendant's remaining argument that his counsel was ineffective in connection with the preindictment appearance and offer does not implicate the voluntariness of his later plea and, therefore, is barred by the valid waiver of appeal (*see People v Tabbott*, 61 AD3d 1183, 1184 [2009], *lv denied* 13 NY3d 750 [2009]; *People v Thomas*, 50 AD3d 1315, 1315 [2008]; *People v Morelli*, 46 AD3d 1215, 1216-1217 [2007], *lv denied* 10 NY3d 814 [2008]).

Malone Jr., McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.