# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**283**

**KA 10-01962**

PRESENT: CENTRA, J.P., CARNI, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

ETHAN MILLER, DEFENDANT-APPELLANT.

---

TERRENCE BAXTER, BATH, FOR DEFENDANT-APPELLANT.

JOHN C. TUNNEY, DISTRICT ATTORNEY, BATH, FOR RESPONDENT.

---

Appeal from a judgment of the Steuben County Court (Joseph W. Latham, J.), rendered April 28, 2010. The judgment convicted defendant, upon a jury verdict, of assault in the second degree (two counts) and falsifying business records in the first degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, two counts of assault in the second degree (Penal Law § 120.05 [2], [9]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), and affording the appropriate deference to the jury's credibility determinations (*see People v Hill*, 74 AD3d 1782, 1782-1783, *lv denied* 15 NY3d 805), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Contrary to defendant's contention, scalding hot water constitutes a "dangerous instrument" (§ 120.05 [2]; *see People v Mableton*, 17 AD3d 383, 383, *lv denied* 4 NY3d 888; *People v Cruz*, 257 AD2d 664; *People v Holden*, 188 AD2d 757, 760, *lv denied* 81 NY2d 887), and the People were not required to establish the precise temperature of the water or the length of exposure that caused second degree immersion burns to the feet and ankles of the child victim.

Defendant further contends that County Court violated his constitutional right to present a defense when it precluded him from offering hearsay testimony regarding the fact that children of the victim's mother were previously removed from her custody and placed in foster care (*see generally Chambers v Mississippi*, 410 US 284, 302). That contention is not preserved for our review (*see People v Gonzalez*, 54 NY2d 729, 730; *People v Simmons*, 283 AD2d 306, 306, *lv denied* 96 NY2d 924) and, in any event, it is without merit inasmuch as

defendant made no effort to establish such fact by a means other than inadmissible hearsay.