# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1241

KA 10-01835

PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JACKSON SHOL, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KAREN RUSSO-MCLAUGHLIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. SMALL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered September 1, 2010. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree and criminal contempt in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of burglary in the first degree (Penal Law § 140.30 [3]) and criminal contempt in the first degree (§ 215.51 [b] [vi]), defendant contends that County Court should have granted his motion to dismiss the indictment because the integrity of the grand jury proceeding was impaired. That contention, however, is "not preserved for our review because defendant did not move to dismiss the indictment pursuant to CPL 210.35 (5)" (*People v Workman*, 277 AD2d 1029, 1031, *lv denied* 96 NY2d 764; *see People v Beyor*, 272 AD2d 929, 930, *lv denied* 95 NY2d 832; *People v Sheltray*, 244 AD2d 854, 854, *lv denied* 91 NY2d 897). In any event, defendant's contention lacks merit. A grand jury proceeding is defective when it "fails to conform to the requirements of article one hundred ninety [concerning grand jury proceedings] to such degree that the integrity thereof is impaired and prejudice to the defendant *may* result" (CPL 210.35 [5] [emphasis added]; *see People v Darby*, 75 NY2d 449, 454). Although a "defendant need not demonstrate actual prejudice under this statutory scheme to prevail" (*People v Sayavong*, 83 NY2d 702, 709), " 'dismissal of an indictment under CPL 210.35 (5) must meet a high test and is limited to instances of prosecutorial misconduct, fraudulent conduct or errors which potentially prejudice the ultimate decision reached by the [g]rand [j]ury' " (*Sheltray*, 244 AD2d at 855; *see People v Huston*, 88 NY2d 400, 409). Here, there was no "articulable 'likelihood of' or . . . 'potential for' prejudice" (*People v Adessa*, 89 NY2d 677, 686).

The brief reference to a prior incident of domestic violence between defendant and the complainant did not impair the integrity of the proceedings or result in potential prejudice to defendant "in light of the overwhelming evidence before the grand jury that he committed the crimes charged" (*People v Ramirez*, 298 AD2d 413, 413, *lv denied* 99 NY2d 563; *see People v Rivas*, 260 AD2d 583, 583-584, *lv denied* 93 NY2d 1025; *People v McCreary*, 186 AD2d 1070, 1071, *lv denied* 80 NY2d 1028).  Furthermore, we conclude that the prosecutor conducted an adequate voir dire of the grand juror who indicated that she was possibly aware of the prior incident (*see e.g. People v Monserrate*, 24 Misc 3d 1229[A], 2009 NY Slip Op 51665[U], *5-6; *cf. People v Revette*, 48 AD3d 886, 887-888).

Although defendant contends that the People failed to establish that he used or threatened to use a dangerous instrument during the commission of the burglary and thus that the evidence is legally insufficient to support the burglary conviction, he "made only a general motion to dismiss and thus failed to preserve his contention for our review" (*People v Johnson*, 43 AD3d 1422, 1422, *lv denied* 9 NY3d 1035; *see People v Gray*, 86 NY2d 10, 19).  In any event, the evidence, viewed in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621), is legally sufficient with respect to the use or threatened use of a dangerous instrument.  The evidence at trial established that, when defendant broke into the complainant's apartment, he possessed a wooden or metal "baseball cue," which he used to "smash[]" through various doors in the residence, including a wooden bedroom door.  Such evidence is legally sufficient to establish that the object used by defendant was an "instrument, article or substance . . . which, under the circumstances in which it [was] used . . . or threatened to be used, [was] readily capable of causing death or other serious physical injury" (Penal Law § 10.00 [13]; *see People v Carter*, 53 NY2d 113, 116; *Matter of Shakiea B.*, 53 AD3d 1057, 1059; *People v Griffin*, 24 AD3d 972, 973, *lv denied* 6 NY3d 834; *see generally People v Bleakley*, 69 NY2d 490, 495).  "Viewing the evidence in light of the elements of the crimes as charged to the jury . . . , and affording the appropriate deference to the jury's credibility determinations . . . , we reject defendant's [further] contention that the verdict is against the weight of the evidence" (*People v Miller*, 93 AD3d 1305, 1305-1306; *see People v Danielson*, 9 NY3d 342, 348-349; *Bleakley*, 69 NY2d at 495).

Finally, we conclude that the sentence is not unduly harsh or severe.

Entered:  November 9, 2012                    Frances E. Cafarell
                                              Clerk of the Court