# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1454

KA 10-02448

PRESENT: SCUDDER, P.J., SMITH, FAHEY, CARNI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                 MEMORANDUM AND ORDER

WILLIE FISHER, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KAREN C. RUSSO-MCLAUGHLIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. SMALL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered November 30, 2010. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and unlawful possession of marihuana.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), criminal possession of a controlled substance in the third degree (§ 220.16 [1]), and unlawful possession of marihuana (§ 221.05), defendant contends that County Court should have granted his motion to dismiss the indictment because the prosecutor's instruction on the agency defense was so confusing as to render the grand jury proceedings defective. That contention is "not preserved for our review because defendant did not move to dismiss the indictment pursuant to CPL 210.35 (5)" (*People v Workman*, 277 AD2d 1029, 1031, *lv denied* 96 NY2d 764; *see People v Beyor*, 272 AD2d 929, 930, *lv denied* 95 NY2d 832). In any event, defendant's contention lacks merit. Although a "defendant need not demonstrate actual prejudice under th[e] statutory scheme to prevail" (*People v Sayavong*, 83 NY2d 702, 709), " 'dismissal of an indictment under CPL 210.35 (5) must meet a high test and is limited to instances of prosecutorial misconduct, fraudulent conduct or errors which potentially prejudice the ultimate decision reached by the [g]rand [j]ury' " (*People v Sheltray*, 244 AD2d 854, 855, *lv denied* 91 NY2d 897; *see People v Huston*, 88 NY2d 400, 409). Additionally, a grand jury "need not be instructed with the same degree of precision that is required when a petit jury is instructed on the law" and it is "sufficient if the District Attorney provides the [g]rand [j]ury with enough information

to enable it intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime" (*People v Calbud, Inc.*, 49 NY2d 389, 394-395). Here, "the prosecutor's instructions to the grand jury were 'not so misleading or incomplete that the integrity of the proceedings was substantially undermined' " (*People v Woodring*, 48 AD3d 1273, 1275-1276, *lv denied* 10 NY3d 846).

Contrary to defendant's further contention, the court's charge on the agency defense does not require reversal. Upon our review of that charge "as a whole against the background of the evidence produced at the trial" (*People v Andujas*, 79 NY2d 113, 118; *see People v Waldriff*, 46 AD3d 1448, 1448, *lv denied* 9 NY3d 1040), we conclude that "[t]he charge properly conveyed the agency defense to the jury" (*People v Schiano*, 198 AD2d 820, 820, *lv denied* 82 NY2d 930).

Defendant contends that the evidence is not legally sufficient to support the conviction because the People failed to disprove his agency defense beyond a reasonable doubt. That contention is not preserved for our review (*see People v Gray*, 86 NY2d 10, 19) and, in any event, it lacks merit. "The determination . . . whether the defendant was a seller, or merely a purchaser doing a favor for a friend, is generally a factual question for the jury to resolve on the circumstances of the particular case" (*People v Lam Lek Chong*, 45 NY2d 64, 74, *cert denied* 439 US 935; *see People v Brown*, 50 AD3d 1596, 1597). The evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), is " 'legally sufficient . . . to establish that defendant was the seller of a controlled substance and not an agent of the buyer' " (*People v Poole*, 79 AD3d 1685, 1686, *lv denied* 16 NY3d 862). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). "It cannot be said that, in rejecting the agency defense, the jury failed to give the evidence the weight it should be accorded" (*People v Watkins*, 284 AD2d 905, 906, *lv denied* 96 NY2d 943).

Finally, the sentence is not unduly harsh or severe.

Entered: December 28, 2012                    Frances E. Cafarell
                                              Clerk of the Court