■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD FRASIER, Appellant. [962 NYS2d 787]—

McCarthy, J. Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered September 8, 2010, convicting defendant upon his plea of guilty of the crime of murder in the second degree.

During an altercation at a night club, defendant and his codefendant brother allegedly shot two victims, killing one and injuring the other. In connection with this incident, defendant was charged by indictment with murder in the second degree, assault in the first degree (three counts), attempted murder in the second degree, criminal possession of a weapon in the second degree (two counts) and criminal possession of a weapon in the third degree. The indictment additionally charged him with criminal possession of a weapon in the second degree (three counts) and criminal possession of a weapon in the third degree (four counts) in connection with several other incidents. After a week of trial, defendant pleaded guilty to murder in the second degree in satisfaction of all of the charges.* County Court imposed the agreed-upon prison sentence of 18 years to life. Defendant appeals.

Once the indictment was returned, defendant's habeas corpus petition, seeking his release pursuant to CPL 190.80, was rendered moot and the exception to the mootness doctrine does not apply (see People v Bellamy, 85 AD3d 1395, 1396 [2011]; People v Phillips, 277 AD2d 816, 819 [2000], lv denied 96 NY2d

---

* Defendant's brother pleaded guilty to murder in the second degree and assault in the first degree (People v Fraiser, 90 AD3d 1082 [2011], lv denied 19 NY3d 996 [2012]).

804 [2001]). Thus, we will not address County Court's handling of that petition.

After reviewing County Court's oral discussion of defendant's waiver of the right to appeal and the executed written waiver, we conclude that defendant validly waived his right to appeal (*see People v White*, 96 AD3d 1299, 1299-1300 [2012], *lv denied* 19 NY3d 1029 [2012]; *People v Clemons*, 96 AD3d 1086, 1087 [2012], *lv denied* 19 NY3d 1101 [2012]). A valid waiver precludes arguments concerning rulings on technical or evidentiary matters, but claims survive the waiver if the alleged defects are jurisdictional or of a constitutional nature that go to the heart of the process (*see People v Maye*, 69 AD3d 1115, 1116 [2010], *lv denied* 15 NY3d 807 [2010]). Among the arguments foreclosed by defendant's waiver are his assertions that County Court erred in its decision following the *Wade* hearing and in precluding his alibi defense (*see People v Lewis*, 95 AD3d 1442, 1443 [2012], *lv denied* 19 NY3d 998 [2012]; *People v Moreno*, 86 AD3d 863, 864 [2011], *lv denied* 17 NY3d 954 [2011]).

Assuming, without deciding the question, that part of defendant's argument concerning the presentment to the grand jury raises an issue of a jurisdictional or constitutional nature, the argument is unavailing on the merits. Defendant asserts that the People improperly represented charges to a grand jury without court permission. If a grand jury votes to dismiss a proposed charge, the court may allow the People to resubmit the charges to the same or another grand jury (*see* CPL 190.75 [1], [3]). If the grand jury initially votes favorably on a charge, however, the statute does not impose the same limits on the People. In that situation, the People may, without court approval, resubmit the charge to the same grand jury with additional evidence on that charge or with additional proposed charges, or resubmit it to another grand jury and seek to obtain a superceding indictment (*see People v Cade*, 74 NY2d 410, 414-415 [1989]). The grand jury minutes here reveal that the grand jury voted a true bill on the murder count but, before the indictment was filed with the court, the People presented additional evidence and numerous other proposed charges to the same grand jury, which then voted favorably on multiple charges as reflected in the indictment at issue. As there was no dismissal or withdrawal of charges, there was no second presentment of charges and the People were not required to obtain court permission to present additional evidence and proposed charges (*see id.*). Thus, County Court correctly denied the portion of defendant's motion seeking dismissal of the indictment on that basis.

Defendant's remaining contentions, to the extent that they are not precluded by his guilty plea or valid waiver of appeal, are without merit.

Mercure, J.P., Spain and Garry, JJ., concur. Ordered that the judgment is affirmed.