— Appeal from a judgment of the County Court of Essex County (Meyer, J.), rendered October 4, 2012, which resentenced defendant following his conviction of the crime of assault in the third degree and the traffic infraction of consumption or possession of alcohol in a motor vehicle on a highway.
Defendant was convicted after a jury trial of, among other things, assault in the second degree. County Court sentenced him, as a second violent felony offender, to an aggregate prison term of 6V2 years to be followed by two years of postrelease supervision. Defendant then pleaded guilty to a federal weapons offense and was sentenced to 2 Us years in prison, to run consecutively to the sentence upon the assault conviction. This Court thereafter reduced the assault conviction to assault in the third degree and remitted the matter for resentencing (97 AD3d 903 [2012]). County Court resentenced defendant to a jail term of one year and directed that it run consecutively to the federal sentence. Defendant now appeals.
The crux of defendant’s argument on appeal is that the definite sentence imposed upon the assault conviction should have merged with and been satisfied by the determinate sentence imposed upon the federal weapons charge (citing Penal Law *985 § 70.35). The record reflects, however, that defendant had been in custody for over one year at the time he was resentenced and, therefore, had served the resentence in full (see Penal Law § 70.30 [3]). Inasmuch as defendant fails to articulate what impact the resentence could now have upon his federal sentence or any other collateral legal issue, the present appeal is moot (cf. People v Amma, 95 AD3d 1561, 1562 [2012]). Finally, we are unpersuaded that this case falls within the exception to the mootness doctrine.
Stein, J.E, McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the appeal is dismissed, as moot.