# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

131

KA 13-00330

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

V                                    MEMORANDUM AND ORDER

LOUIS GRIMES, DEFENDANT-RESPONDENT.

---

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR APPELLANT.

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Onondaga County Court (Donald E. Todd, A.J.), dated November 29, 2012.  The order, insofar as appealed from, granted that part of the motion of defendant seeking to dismiss that count of the indictment charging him with assault in the first degree.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law, that part of the omnibus motion seeking to dismiss the count of assault in the first degree is denied, that count of the indictment is reinstated, and the matter is remitted to Onondaga County Court for further proceedings on the indictment.

Memorandum:  The People appeal from an order granting that part of defendant's omnibus motion seeking to dismiss the count of the indictment charging defendant with assault in the first degree (Penal Law § 120.10 [1]).  The indictment also contains a second count, charging defendant with assault in the second degree (§ 120.05 [2]).  In dismissing the count charging defendant with assault in the first degree, County Court held that the People improperly reopened the grand jury proceedings after a true bill had been voted on the charge of assault in the second degree, which had not been filed as an indictment, in order to supplement the evidence and bring the higher charge of assault in the first degree.  The court concluded that, pursuant to CPL 190.25 (1) and *People v Cade* (74 NY2d 410), the People were required to obtain the vote of at least 12 members of the grand jury to vacate the grand jury's earlier vote and reopen the proceedings.  We agree with the People that the court erred in dismissing the count charging defendant with assault in the first degree.

Dismissal of an indictment under CPL 210.35 (5) based on a defective grand jury proceeding " 'is limited to instances of

prosecutorial misconduct, fraudulent conduct or errors which potentially prejudice the ultimate decision reached by the [g]rand [j]ury' " (*People v Sheltray*, 244 AD2d 854, 855, *lv denied* 91 NY2d 897; *see People v Huston*, 88 NY2d 400, 409; *People v Shol*, 100 AD3d 1461, 1462, *lv denied* 20 NY3d 1103).  Pursuant to CPL 190.25 (1), "[p]roceedings of a grand jury are not valid unless [16] of its members are present.  The finding of an indictment . . . and every other affirmative official action or decision requires the concurrence of at least [12] members thereof."

Here, as noted, the court held that the grand jury proceedings were defective because the People, without seeking a formal vote of at least 12 members of the grand jury, submitted additional evidence after the grand jury had voted the first true bill, but before an indictment had been filed.  Contrary to the court's conclusion, *Cade* does not hold that a grand jury must vote to vacate a prior true bill that has not been filed as an indictment in order to reopen the proceedings and introduce additional evidence in support of proposed charges that were not previously considered by the grand jury (*see generally People v Frasier*, 105 AD3d 1079, 1080; *People v Lyons*, 40 AD3d 1121, 1122, *lv denied* 9 NY3d 878; *People v Dorsey*, 166 AD2d 180, 181, *lv denied* 76 NY2d 1020, *reconsideration denied* 77 NY2d 877).  Indeed, in *Cade*, the Court of Appeals noted that there are reasons, other than a prosecutor's belief that the evidence before the grand jury was inadequate or that dismissal was likely, "why a prosecutor *or* a [g]rand [j]ury would choose to reopen the evidence.  The prosecutor might, for example, supplement the evidence to bring additional or higher charges" (74 NY2d at 417 [emphasis added]).  Moreover, unlike the procedure that was in any event approved in *Cade*, here the prosecutor never requested that the grand jury reconsider the lower charge of assault in the second degree in light of the additional evidence (*cf. id.* at 413-414).  Thus, inasmuch as there was no second presentment of that charge, the grand jury was not required to vacate its prior vote.  We therefore conclude that the integrity of the grand jury was not impaired (*see Shol*, 100 AD3d at 1462).  In view of our conclusion, we do not address the issue whether defendant was prejudiced by the procedure employed here.

Entered:  March 21, 2014                    Frances E. Cafarell
                                            Clerk of the Court