Motion for reargument of the appeal is granted to the extent that, upon reargument, the memorandum and order entered November 14, 2014 (122 AD3d 1261), is amended by deleting the second sentence of the fourth paragraph of the memorandum and substituting the following: “We reject that contention. Addressing first defendant’s claims concerning the number of grand jurors, we note that, pursuant to Criminal Procedure Law, a grand jury proceeding must be conducted before at least 16 grand jurors, 12 of whom must concur in the finding of the indictment (see CPL 210.35 [2], [3]; see also CPL 190.25 [1]; People v Grimes, 115 AD3d 1194, 1195 [2014], Iv denied 24 NY3d 1084 [2014]; People v Eun Sil Jang, 17 AD3d 693, 694 [2005]). Here, the grand jury minutes establish that 19 grand jurors voted to indict defendant, and 1 voted not to indict him. We therefore perceive no violation of the above statutes.”
With respect to defendant’s claim concerning the grand jury instructions, it is well established that “[a] grand jury ‘need not be instructed with the same degree of precision that is required when a petit jury is instructed on the law’ ” (People v Burch, 108 AD3d 679, 680 [2013], lv denied 22 NY3d 1087 [2014]). Furthermore, “[d]ismissal of an indictment under CPL 210.35 (5) is an exceptional remedy that should ... be limited to those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the [g]rand Ij]ury” (id. [internal quotation marks omitted]). Here, we conclude that the prosecutor provided the grand jurors “ ‘with enough information to enable [them] intelligently to decide whether a crime ha[d] been committed and to determine whether there exist [ed] legally sufficient evidence to *1430 establish the material elements of the crime’ ” (People v Wooten, 283 AD2d 931, 932 [2001], lv denied 96 NY2d 943 [2001]).
Present — Smith, J.P., Lindley, Valentino and DeJoseph, JJ.