# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

463
KA 13-01460

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ALLEN CEHFUS, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (EVAN HANNAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ROMANA A. LAVALAS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered May 23, 2013. The judgment convicted defendant, upon a jury verdict, of driving while intoxicated, a class E felony, aggravated unlicensed operation of a motor vehicle in the first degree and resisting arrest.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of driving while intoxicated, a class E felony (Vehicle and Traffic Law § 1192 [3]), aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a]), and resisting arrest (Penal Law § 205.30).

We reject defendant's contention that County Court erred in denying his request for a missing witness charge. Defendant failed to establish that the witness's testimony would have been noncumulative (*see People v Welch*, 307 AD2d 776, 777-778, *lv denied* 100 NY2d 625), and defendant's assertion that the witness "presumably" could have provided noncumulative testimony is speculative (*see People v Gonzalez*, 16 AD3d 283, 284, *lv denied* 5 NY3d 766). In any event, we conclude that any error in the court's refusal to give a missing witness charge is harmless inasmuch as the evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the error (*see People v Fields*, 76 NY2d 761, 763; *People v Comfort*, 31 AD3d 1110, 1112, *lv denied* 7 NY3d 847; *see generally People v Crimmins*, 36 NY2d 230, 241-242).

We reject defendant's further contention that the court issued an erroneous jury instruction. "Generally, in determining whether a jury

charge was proper, the test is 'whether the jury, hearing the whole charge, would gather from its language the correct rules which should be applied' . . . Parts of jury charges cannot be read 'alone and in a vacuum' " (*People v McDaniels*, 19 AD3d 1071, 1071, *lv denied* 5 NY3d 830).  Considering the adequacy of the jury charge as a whole against the background of the evidence presented at the trial (*see People v Andujas*, 79 NY2d 113, 118), we conclude that the charge here was proper (*see People v Waldriff*, 46 AD3d 1448, 1448, *lv denied* 9 NY3d 1040; *see also People v Fisher*, 101 AD3d 1786, 1787, *lv denied* 20 NY3d 1098).

Finally, contrary to defendant's assertion, New York's persistent felony offender statute is constitutional on its face and as applied in this case (*see People v Battles*, 16 NY3d 54, 59, *cert denied* ___ US ___, 132 S Ct 123; *People v Tuszynski*, 120 AD3d 1568, 1569, *lv denied* 25 NY3d 954), and the court did not abuse its discretion in sentencing defendant as a persistent felony offender (*see People v Boykins*, 134 AD3d 1542, 1543).

Entered:  June 10, 2016                          Frances E. Cafarell
                                                 Clerk of the Court