People v Burks (2018 NY Slip Op 05366)





People v Burks


2018 NY Slip Op 05366


Decided on July 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 19, 2018


[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent, 
v
GERARD BURKS, Also Known as YB, Appellant.

Calendar Date: May 29, 2018

Before: Garry, P.J., McCarthy, Clark, Rumsey and Pritzker, JJ.


Del Atwell, East Hampton, for appellant.
P. David Soares, District Attorney, Albany (Emily A. Schultz of counsel), for respondent.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered October 1, 2014, which revoked defendant's probation and imposed a sentence of imprisonment.
In 2012, defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree, waived his right to appeal and was sentenced to five years of probation. In March 2014, defendant admitted to violating the terms of his probation and, again, waived his right to appeal. The initial agreement set forth that defendant would be resentenced to a prison term of 1½ years followed by 1½ years of postrelease supervision, with the potential that defendant participate in a drug treatment program. Subsequently, however, County Court agreed to permit defendant to reenter a drug court program and, upon successful completion, to resentence him to a period of probation; otherwise, a term of imprisonment would be imposed if he did not successfully complete the drug treatment program. Prior to resentencing, the court was notified that defendant, among other things, had been rearrested in August 2014. Ultimately, the court, in accordance with an agreement with the parties, revoked defendant's probation and imposed a prison term of 2½ years followed by two years of postrelease supervision. Defendant appeals.
We affirm. To the extent that defendant asserts that County Court improperly imposed an enhanced period of incarceration and that such prison term was harsh and excessive, we note that defendant has completed serving that part of his sentence. As such, the issues as to the validity and severity of defendant's sentence are moot (see People v McLaine, 64 NY2d 934, 934 [1985]; People v Evans, 159 AD3d 1226, 1227 [2018], lv denied ___ NY3d ___ [May 30, 2018]; People v Trombley, 111 AD3d 984, 985 [2013]). Defendant also contends that he was not afforded the effective assistance of counsel due to the purported failure by counsel to negotiate an alternative sentence in the event that defendant failed to fulfill the conditions of the drug court program. A review of the record establishes, however, that defendant, in connection with his [*2]plea of guilty to violating his probation, waived his right to appeal. To that end, County Court distinguished the right to appeal as separate and apart from the rights automatically forfeited by defendant's guilty plea, and defendant affirmed his understanding of the waiver (see People v Bailey, 157 AD3d 1133, 1134 [2018], lv denied 31 NY3d 981 [2018])[FN1]. Given that defendant's challenge to the effective assistance of counsel does not relate to the voluntariness of his guilty plea of violating probation, it is precluded by the valid waiver of the right to appeal (see People v Bellamy, 85 AD3d 1395, 1396 [2011]).
McCarthy, Clark, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Although the record reflects that defendant executed a written appeal waiver, that document does not appear in the record.