■ The People of the State of New York, Respondent, v William Johnson, Appellant.—Judgment, Supreme Court, New York County (Peter McQuillan, J., at sentence; Robert Haft, J., at plea), rendered on February 20, 1987, convicting defendant, upon his plea of guilty, of manslaughter in the first degree and sentencing defendant to an indeterminate prison term of from 7 to 21 years, unanimously affirmed.

We are persuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence. *(People v Farrar,* 52 NY2d 302, 305.)

Further, defendant was sentenced in accordance with his plea bargain and within statutory guidelines. "Having received the benefit of his bargain, defendant should be bound by its terms." *(People v Felman,* 141 AD2d 889, 890, *lv denied* 72 NY2d 918.) Concur—Sullivan, J. P., Rosenberger, Asch, Ellerin and Smith, JJ.

■ The People of the State of New York, Respondent, v Leamon Mills, Appellant.—Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered February 10, 1988, convicting defendant, after jury trial, of robbery in the second degree and sentencing him to an indeterminate term of 4 to 8 years' imprisonment, unanimously affirmed.

Contrary to the defendant's contention, most of the comments of the prosecutor during his summation were a fair response to that of defense counsel *(People v Galloway,* 54 NY2d 396). The single misstatement of the prosecutor, that it was defendant rather than his accomplice who possessed the imitation pistol, could hardly have misled the jury, when the fact that the accomplice was the only one who possessed it was clearly established at trial, was emphasized by defense counsel in his summation, and was also referred to by the prosecutor before he misspoke. Further, while the prosecutor should not have commented, in substance, that often in cases of accessorial liability, there is little direct evidence of guilt, again we find that this remark does not warrant reversal, especially where defendant's objection was sustained, albeit without any curative instruction by the trial court. Concur—Milonas, J. P., Rosenberger, Ellerin and Smith, JJ.