■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK GIBSON, Appellant. [795 NYS2d 49]—

Judgment, Supreme Court, New York County (Bernard J. Fried, J.), rendered August 1, 2003, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of 1 to 3 years, unanimously affirmed.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Walker*, 83 NY2d 455, 458-459 [1994]; *People v Pavao*, 59 NY2d 282, 292 [1983]). Defendant's prior conviction for possession of cocaine with intent to sell was probative of his credibility and was not unduly remote in time or prejudicial.

The isolated misstatement of fact contained in the People's summation was sufficiently addressed by the court's instruction that the jury's recollection controlled, and it did not deprive defendant of a fair trial (*see People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]).

The court's reasonable doubt charge was similar to that contained in the Criminal Jury Instructions and conveyed the proper standards (*People v Cubino*, 88 NY2d 998 [1996]).

The court properly permitted an undercover officer to testify under a pseudonym. At a *Hinton* hearing conducted before the officer's trial testimony, the People satisfied their burden under *People v Waver* (3 NY3d 748 [2004]) of establishing a need for anonymity. Defendant's procedural arguments concerning the circumstances under which the People made this showing are unpreserved and unavailing. Concur—Saxe, J.P., Marlow, Sullivan, Williams and Gonzalez, JJ.