# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

639
KA 12-00205
PRESENT: CENTRA, J.P., FAHEY, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                      MEMORANDUM AND ORDER

RALPH A. PRINCIPIO, DEFENDANT-APPELLANT.

---

TIMOTHY J. BRENNAN, AUBURN, FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered December 22, 2011. The judgment convicted defendant, upon a jury verdict, of menacing a police officer or peace officer, menacing in the first degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of menacing a police officer or peace officer (Penal Law § 120.18), menacing in the first degree (§ 120.13), and criminal possession of a weapon in the third degree (§ 265.02 [1]). Defendant failed to preserve for our review his contention that he was deprived of a fair trial by certain remarks made by the prosecutor during his summation (*see People v Figgins*, 72 AD3d 1599, 1600, *lv denied* 15 NY3d 893; *People v Lawson*, 40 AD3d 657, 658, *lv denied* 9 NY3d 877). In any event, any prejudice arising from the prosecutor's single misstatement regarding defendant's testimony was dispelled when that testimony was read back to the jury during the course of its deliberations (*see generally People v Mills*, 159 AD2d 437, 437, *lv denied* 76 NY2d 739). Moreover, County Court expressly instructed the jurors prior to summations that they alone were the finders of fact, that if one of the attorneys asserted a fact not in evidence, it must be disregarded, and that it was the jurors' own recollection of the evidence that controlled (*see People v Lawson*, 40 AD3d 657, 658, *lv denied* 9 NY3d 877; *People v Gibson*, 18 AD3d 335, 335, *lv denied* 5 NY3d 789).

Contrary to defendant's further contention, viewing the evidence in light of the elements of the crimes of menacing a police officer or peace officer and menacing in the first degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), the verdict with regard to

those crimes is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). "Although there was evidence at trial that defendant consumed a significant quantity of alcohol on the night of the incident, [a]n intoxicated person can form the requisite criminal intent to commit a crime, and it is for the trier of fact to decide if the extent of the intoxication acted to negate the element of intent" (*People v Felice*, 45 AD3d 1442, 1443, *lv denied* 10 NY3d 764 [internal quotation marks omitted]; *see People v Mateo*, 70 AD3d 1331, 1331, *lv denied* 15 NY3d 753). Affording deference to the jury's credibility determinations here, "we cannot say that the jury improperly weighed the evidence in deciding in the People's favor the extent of defendant's intoxication" (*People v Scott*, 47 AD3d 1016, 1019, *lv denied* 10 NY3d 870). Nor was it improper for the jury to reject defendant's contention that his head injury prevented him from forming the requisite intent to commit the crimes. Further, the weight of the evidence supports the jury's conclusion that defendant knew or reasonably should have known that the victim was a police officer (*see* Penal Law § 120.18).

Finally, the sentence is not unduly harsh or severe.

Entered:  June 14, 2013                    Frances E. Cafarell
                                          Clerk of the Court