People v Reibel (2020 NY Slip Op 01826)





People v Reibel


2020 NY Slip Op 01826


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, WINSLOW, AND BANNISTER, JJ.


1242 KA 17-02143

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL REIBEL, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ERIN A. KULESUS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
MICHAEL REIBEL, DEFENDANT-APPELLANT PRO SE.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered May 12, 2017. The judgment convicted defendant upon a jury verdict of burglary in the second degree, stalking in the third degree, criminal contempt in the first degree and unlawful imprisonment in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law
§ 140.25 [2]), criminal contempt in the first degree (§ 215.51 [b] [ii]), stalking in the third degree (§ 120.50 [3]), and unlawful imprisonment in the second degree (§ 135.05). The conviction arises from an incident in which defendant, in violation of an order of protection, entered the home of his former girlfriend by breaking a glass door, dragged her from her home, and transported her to another location. Contrary to defendant's contention in his main brief, Supreme Court properly denied his request to charge criminal trespass in the second degree as a lesser included offense of the count of burglary in the second degree (see generally People v Cajigas, 19 NY3d 697, 701-702 [2012]). Here, based on all the evidence at trial, including defendant's testimony, we conclude that "the only reasonable view of the evidence is that defendant knowingly entered or remained unlawfully in a dwelling (see Penal Law § 140.15 [1]), intending to engage in conduct prohibited by the order of protection while in the banned premises that went beyond criminal trespass, thereby satisfying the intent to commit a crime therein element of burglary" (People v Mack, 128 AD3d 1456, 1457 [4th Dept 2015], lv denied 26 NY3d 969 [2015] [internal quotation marks omitted]; see People v Lewis, 5 NY3d 546, 548 [2005]; see also People v Lopez, 147 AD3d 456, 456 [1st Dept 2017], lv denied 29 NY3d 999 [2017]). Consequently, we further conclude that "under no reasonable view of the evidence could the jury have found that defendant committed the lesser offense but not the greater" (People v Blim, 63 NY2d 718, 720 [1984]; see generally People v Glover, 57 NY2d 61, 63 [1982]).
Similarly, the court also properly denied defendant's "request to charge criminal contempt in the second degree . . . as a lesser included offense of criminal contempt in the first degree because no reasonable view of the evidence would support a finding that [defendant] committed the lesser offense but not the greater' " (People v Wilson, 55 AD3d 1273, 1274 [4th Dept 2008], lv denied 11 NY3d 931 [2009]; see Mack, 128 AD3d at 1457).
Defendant failed to preserve for our review his challenge in his main brief to the admission in evidence of a series of text messages between him and the victim. Defendant did not object to the admission of the text messages on the specific ground he now raises on appeal (cf. People v Grigoroff, 131 AD3d 541, 544 [2d Dept 2015]; see generally People v Law, 94 [*2]AD3d 1561, 1562 [4th Dept 2012], lv denied 19 NY3d 809 [2012]). In any event, any error in admitting those text messages in evidence is harmless (see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Defendant contends in his main brief that the conviction of criminal contempt in the first degree is not supported by legally sufficient evidence because the People failed to establish that he placed the victim "in reasonable fear of physical injury" by "engaging in a course of conduct" (Penal Law § 215.51 [b] [ii]). We reject that contention. To the contrary, we conclude that the evidence is sufficient inasmuch as there is a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" (People v Bleakley, 69 NY2d 490, 495 [1987]; see People v Doherty, 173 AD3d 592, 592-593 [1st Dept 2019], lv denied 34 NY3d 930 [2019]; People v Clark, 65 AD3d 755, 757-758 [3d Dept 2009], lv denied 13 NY3d 906 [2009]). Furthermore, viewing the evidence in light of the elements of all of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we also reject defendant's contention that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). With respect to defendant's contention in his main brief that the verdict is contrary to the weight of the evidence because he established that he was too intoxicated to form the intent to commit the crimes, "[a]lthough there was evidence at trial that defendant consumed a significant quantity of alcohol on the night of the incident, [a]n intoxicated person can form the requisite criminal intent to commit a crime, and it is for the trier of fact to decide if the extent of the intoxication acted to negate the element of intent" (People v Felice, 45 AD3d 1442, 1443 [4th Dept 2007], lv denied 10 NY3d 764 [2008] [internal quotation marks omitted]; see People v Principio, 107 AD3d 1572, 1573 [4th Dept 2013], lv denied 22 NY3d 1090 [2014]). Here, we perceive no basis to disturb the jury's determination with respect to defendant's intoxication (see Principio, 107 AD3d at 1573).
Contrary to defendant's contention in his pro se supplemental brief, the People were not required to prove that he intended to commit a specific crime in the dwelling. It is well settled that, where, as here, the People did not limit the theory of prosecution to a specific crime in the indictment or a bill of particulars, they are required to plead and prove "only defendant's general intent to commit a crime in the [dwelling] . . . , not his [or her] intent to commit a specific crime" (Lewis, 5 NY3d at 552).
Contrary to defendant's additional contention in his pro se supplemental brief, the court did not err in refusing to suppress the statements defendant gave to the police. " It is well settled . . . that, in order to terminate questioning, the assertion by a defendant of his right to remain silent must be unequivocal and unqualified' " (People v Zacher, 97 AD3d 1101, 1101 [4th Dept 2012], lv denied 20 NY3d 1015 [2013]). The issue whether defendant's "request was unequivocal is a mixed question of law and fact that must be determined with reference to the circumstances surrounding the request[,] including the defendant's demeanor, manner of expression and the particular words found to have been used by the defendant' " (id., quoting People v Glover, 87 NY2d 838, 839 [1995]). Here, we agree with the People that defendant "did not clearly communicate a desire to cease all questioning indefinitely" (People v Caruso, 34 AD3d 860, 863 [3d Dept 2006], lv denied 8 NY3d 879 [2007]).
Defendant failed to preserve for our review his contention in his pro se supplemental brief that his statements should have been suppressed because he was too intoxicated to knowingly and intelligently waive his constitutional rights (see People v Williams, 291 AD2d 891, 892 [4th Dept 2002], lv denied 98 NY2d 656 [2002]). He similarly failed to preserve for our review his challenge in his pro se supplemental brief to the admission in evidence of a purportedly altered recording of the victim's 911 call, inasmuch as he did not object to the admission of the recording on the specific ground he now raises on appeal (see People v Romero, 147 AD3d 1490, 1492 [4th Dept 2017], amended on rearg 148 AD3d 1726 [4th Dept 2017], lv denied 29 NY3d 1036 [2017]). In addition, defendant failed to preserve for our review his contention in his pro se supplemental brief that the court failed to appropriately swear in an alternate juror who did not deliberate on the case, and thereby violated the statutory requirement that jurors must be sworn in "immediately" after their selection (CPL 270.15 [2]; see generally People v Rodriguez, 32 AD3d 1203, 1204 [4th Dept 2006], lv denied 8 NY3d 849 [2007]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Contrary to defendant's further contention in his main brief, the sentence is not unduly harsh or severe. We have reviewed the remaining contention raised in defendant's main brief and conclude
that it is without merit.
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court