People v Jhagroo (2020 NY Slip Op 51121(U))

[*1]

People v Jhagroo (Ryan)

2020 NY Slip Op 51121(U) [69 Misc 3d 127(A)]

Decided on September 18, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 18, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2016-1494 Q CR

The People of the State of New York,
Respondent, 
against
Ryan Jhagroo, Appellant. 

Appellate Advocates (Jonathan Schoepp-Wong of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill and Christopher S. Bae of
counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County
(Elisa S. Koenderman, J.), rendered May 25, 2016. The judgment convicted defendant, upon a
jury verdict, of obstructing governmental administration in the second degree, and imposed
sentence.

ORDERED that the judgment of conviction is affirmed.
Insofar as is relevant to this appeal, following a jury trial, defendant was convicted of
obstructing governmental administration in the second degree (Penal Law § 195.05). At
trial, evidence was adduced by the People that defendant had been returned to court on a warrant
and had been remanded by the court. When a court officer prepared to handcuff defendant and
take him back to the pens, defendant moved his body away from the officer and cursed at the
judge. After the officer finally handcuffed defendant and took him to the pen area, defendant
turned around, pushed his shoulder against the officer's shoulder and tried to spin around. The
officer then shoved defendant back into the wall, and when the officer reached around to grab
defendant's hand, defendant started fighting, so the officer grabbed defendant's leg and pushed
defendant to the floor. After the officer sat defendant down on a bench, he noticed that defendant
was bleeding from his mouth and had a bloody lip. The officer called an ambulance, and he went
with defendant to Jamaica Hospital.
Defendant testified that, due to an incident at the magnetometer as he had entered the
courthouse, he was already handcuffed when he entered the courtroom. Although he was not
happy about being remanded and did not want to go back into the pens, he did not say anything
to the judge; rather, he was mumbling to himself. He was totally compliant and did not prevent
the court officer from doing anything. He and the officer cursed at each other, and the officer
[*2]punched him in the face while he was handcuffed. He was
bleeding a lot, screamed for help, and asked to be taken to the hospital. The officer then told him,
"Listen, if you go to the hospital, we're going to put these charges on you, but if you hold it down
and don't go to the hospital, we're not going to put these charges on you." Despite this offer of a
bribe, he went to the hospital because his nose was in pain. His nose was X-rayed at the hospital,
and it was fractured.
After the defense rested, defendant's trial attorney located defendant's misplaced medical
records, which she had not previously reviewed. The records, which were then admitted into
evidence as People's Exhibit 3, stated, among other things, that defendant was fighting with "the
cops"; that defendant's nose was bleeding earlier; and that the "bridge of [defendant's] nose is
mildly tender without any swelling or deformity. No active bleeding from nose now. No active
bleeding from nostrils noted. Nose not deformed."
On appeal, defendant contends that he was denied the effective assistance of counsel, and his
due process rights were violated, due to his trial attorney's failure to review his medical records
prior to his trial testimony and to object to the prosecutor's summation.
Upon a review of the record, we find that defendant met his burden of showing the absence
of strategic or other legitimate explanations for his trial attorney's failure to review his medical
records prior to his trial testimony (see e.g. People v Lopez-Mendoza, 33 NY3d 565, 572
[2019]; People v Clark, 28 NY3d 556, 563 [2016]), since his attorney admitted that she
had misplaced the records which she did not find until after defendant had testified. However, as
the attorney advanced the defense strategy that defendant had been charged with a crime solely to
cover up the fact that the court officer had punched defendant in his face while he had been
handcuffed, which defense was not contingent upon the content of the medical records, we find
that the attorney's failure to timely review the medical records did not prejudice the defense or
defendant's right to a fair trial (see People v Benevento, 91 NY2d 708, 714 [1998]), and
did not deprive defendant of meaningful representation (see People v Turner, 5 NY3d
476 [2005]; People v Caban, 5 NY3d 143 [2005]). In addition, contrary to defendant's
argument, the attorney's failure to review his medical records did not affect his fundamental right
to testify.
As defendant, in his appellate brief, addressed, at length, several comments made by the
prosecutor during his summation, we exercise our interest of justice jurisdiction (see CPL
470.15 [6]) and review these unpreserved arguments on the merits before deciding whether his
attorney's failure to object to them constituted the ineffective assistance of counsel. We find that
the challenged remarks were either within the bounds of permissible rhetorical comment (see People v Hugginis, 163 AD3d
719, 720 [2018]), were fair comments on the evidence and the reasonable inferences to be
drawn therefrom (see People v
Megnath, 164 AD3d 834, 835-836 [2018]; People v Hugginis, 163 AD3d at 720;
People v Kaval, 154 AD3d 875,
876 [2017]), were fair responses to comments made by the defense during summation (see
People v Megnath, 164 AD3d at 836; People v Hugginis, 163 AD3d at 720), or
otherwise did not deprive defendant of a fair trial (see People v Hawley, 112 AD3d 968, 969 [2013]). Moreover, the
isolated misstatement of fact made by the prosecutor during his summation regarding what
defendant had been told at the hospital was sufficiently addressed by the Criminal Court's
instruction to the jury that they "are the finders of facts, and it is for you alone to determine the
facts . . . . The lawyers are not witnesses . . . . If a lawyer asserts as fact something that's not
based on the evidence, you must disregard that . . . . It is your own recollection and evaluation of
the evidence that controls [*3]and must guide you regardless of
what the lawyers have said," and, thus, the prosecutor's misstatement did not deprive defendant
of a fair trial (see People v
Principio, 107 AD3d 1572, 1573 [2013]; People v Lawson, 40 AD3d 657, 658 [2007]; People v Sylvain, 33 AD3d 330,
331-332 [2006]; People v Gibson,
18 AD3d 335 [2005]). In view of the foregoing, defendant's trial attorney's failure to object
to the comments at issue did not deprive defendant of the effective assistance of counsel (see People v Hernandez, 171 AD3d
791 [2019]).
Viewing the fairness of the process as a whole—including the fact that defendant's
trial attorney vigorously cross-examined the People's witnesses, pointed out inconsistencies in
their testimonies, reinforced the defense, and successfully obtained the dismissal of the resisting
arrest charge at the close of the People's case—we find that while the attorney's
representation of defendant was not perfect, it did not rise to the level of ineffective assistance;
rather, the attorney provided defendant with meaningful representation in accordance with the
New York State standard (see NY Const, art I, § 6; People v Caban, 5 NY3d
at 155-156; People v Benevento, 91 NY2d at 713-714) and the effective assistance of
counsel under the federal standard (see US Const 6th Amend; Strickland v
Washington, 466 US 668 [1984]).
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ.,
concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 18, 2020