People v Leon (2022 NY Slip Op 02923)

People v Leon

2022 NY Slip Op 02923

Decided on April 29, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, NEMOYER, AND BANNISTER, JJ.

414 KA 19-00672

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERTO LEON, DEFENDANT-APPELLANT. 

LAW OFFICE OF NELSON S. TORRE, BUFFALO (NELSON S. TORRE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered March 26, 2019. The judgment convicted defendant upon a jury verdict of murder in the second degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree
(§ 265.03 [3]). Contrary to defendant's contention, we conclude that Supreme Court did not err in discharging a juror over his objection. The trial court is generally "accorded latitude in making the findings necessary to determine whether a juror is grossly unqualified under CPL 270.35" (People v Rodriguez, 71 NY2d 214, 219 [1988]), and " '[a] determination whether a juror is . . . grossly unqualified, and subsequently to discharge such a juror, is left to the broad discretion of the court' " (People v Jean-Philippe, 101 AD3d 1582, 1582 [4th Dept 2012]). Here, upon the court's " 'probing and tactful inquiry' into the facts of the situation" (People v Harris, 99 NY2d 202, 213 [2002]), the juror admitted that he recognized a spectator in the courtroom from certain drug activity of the juror's friend, a bartender, and that he knew the spectator was part of a group who would come into the bar to compel the juror's friend to pay money he owed for drugs. The juror admitted that he was worried about the possibility of encountering the spectator after a guilty verdict and was concerned for the safety of his family. Recognizing that "[t]he decision to disqualify turns on the facts of each particular case, and according deference to the court's evaluation of the juror's answers and demeanor," we perceive no basis to disturb the court's determination (People v Abdul-Jaleel, 142 AD3d 1296, 1297 [4th Dept 2016], lv denied 29 NY3d 946 [2017] [internal quotation marks omitted]; see People v Ocasio, 258 AD2d 303, 303-304 [1st Dept 1999], lv denied 93 NY2d 975 [1999]).
Defendant further contends that the conviction is not supported by legally sufficient evidence and that the verdict is against the weight of the evidence. "Viewing the evidence in the light most favorable to the People, and giving them the benefit of every reasonable inference" (People v Bay, 67 NY2d 787, 788 [1986]; see People v Delamota, 18 NY3d 107, 113 [2011]), we conclude that the evidence is legally sufficient to support the conviction (see People v Butler, 140 AD3d 1610, 1610-1611 [4th Dept 2016], lv denied 28 NY3d 969 [2016]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]) and according deference to the jury's credibility determinations (see People v Romero, 7 NY3d 633, 645 [2006]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Defendant failed to preserve for our review his challenge to the admission in evidence of [*2]testimony that defendant made a threatening gesture toward a witness after the crime (see generally People v Reibel, 181 AD3d 1268, 1269 [4th Dept 2020], lv denied 35 NY3d 1029 [2020], reconsideration denied 35 NY3d 1096 [2020]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). We reject defendant's further contention that the court erred in admitting in evidence, under the excited utterance exception to the hearsay rule, statements made by an eyewitness seconds after the murder (see People v Monroe, 39 AD3d 1279, 1280 [4th Dept 2007], lv denied 9 NY3d 867 [2007]).
Finally, we conclude the sentence is not unduly harsh or severe.
Entered: April 29, 2022
Ann Dillon Flynn
Clerk of the Court