People v Ingleston (2023 NY Slip Op 03640)

People v Ingleston

2023 NY Slip Op 03640

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

513 KA 21-01283

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JASON A. INGLESTON, DEFENDANT-APPELLANT. 

RYAN J. MULDOON, AUBURN, FOR DEFENDANT-APPELLANT. 
BRITTANY GROME ANTONACCI, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered August 3, 2021. The judgment convicted defendant upon a jury verdict of attempted robbery in the third degree and burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted robbery in the third degree (Penal Law
§§ 110.00, 160.05) and burglary in the second degree (§ 140.25 [2]). We reject defendant's contention that the evidence is legally insufficient to support his conviction of burglary in the second degree. Even assuming, arguendo, that defendant's contention is fully preserved for our review, "[v]iewing the evidence in the light most favorable to the People, and giving them the benefit of every reasonable inference" (People v Bay, 67 NY2d 787, 788 [1986]), we conclude that there is a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion" that defendant was the perpetrator of the burglary (People v Bleakley, 69 NY2d 490, 495 [1987]; see People v Colon, 211 AD3d 1613, 1614 [4th Dept 2022], lv denied 39 NY3d 1141 [2023]). Further, "[t]he element of 'intent to commit a crime [in the dwelling]' may be inferred from defendant's conduct and the surrounding circumstances . . . including the circumstances of the entry" (People v Thompson, 206 AD3d 1708, 1709 [4th Dept 2022], lv denied 38 NY3d 1153 [2022]; see § 140.25 [2]). Here, the evidence established, among other things, that defendant obtained entry to the victims' house by breaking a window. "The fact that defendant used force in obtaining entry to the [house] by breaking the glass window[ ] . . . 'amply supports the inference that he had criminal intent' " (People v Bergman, 70 AD3d 1494, 1494 [4th Dept 2010], lv denied 14 NY3d 885 [2010]; see People v Gelling, 163 AD3d 1489, 1492 [4th Dept 2018], amended on rearg 164 AD3d 1673 [4th Dept 2018], lv denied 32 NY3d 1003 [2018]). Contrary to defendant's contention, the jury's rejection of the affirmative defense of duress is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495; People v Box, 181 AD3d 1238, 1240 [4th Dept 2020], lv denied 35 NY3d 1025 [2020], cert denied — US &mdash, 141 S Ct 1099 [2021]; People v Hammond, 84 AD3d 1726, 1726 [4th Dept 2011], lv denied 17 NY3d 816 [2011]).
We reject defendant's further contention that County Court erred in denying his request to charge criminal trespass in the second degree as a lesser included offense of the count of burglary in the second degree (see generally People v Cajigas, 19 NY3d 697, 701-702 [2012]). Here, based on all the evidence at trial, the only reasonable view of the evidence is that defendant knowingly entered or remained unlawfully in a dwelling with the intent to commit a crime therein (see Penal Law
§ 140.25 [2]; People v Reibel, 181 AD3d 1268, 1269 [4th Dept 2020], lv denied 35 NY3d 1029 [2020], reconsideration denied 35 NY3d 1096 [2020]; People v Martinez, 9 AD3d 679, 681 [3d Dept 2004], lv denied 3 NY3d 709 [2004]). We therefore further conclude that "under no [*2]reasonable view of the evidence could the jury have found that defendant committed the lesser offense but not the greater" (People v Blim, 63 NY2d 718, 720 [1984]; see Reibel, 181 AD3d at 1269).
Defendant's further contention that he was denied effective assistance of counsel must be raised by way of a motion pursuant to CPL article 440 inasmuch as this is not the "rare case [in which] . . . it [is] possible, based on the trial record alone, to deem counsel ineffective for failure to [adequately] pursue a suppression motion" (People v Carver, 27 NY3d 418, 420 [2016]; see People v Roots, 210 AD3d 1532, 1534 [4th Dept 2022]; see generally People v Love, 57 NY2d 998, 1000 [1982]). Contrary to defendant's contention, his sentence is not unduly harsh or severe. We have reviewed defendant's remaining contentions and conclude that none warrants reversal or modification of the judgment.
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court